**Tyrone Ralph HAMMONS, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–17018.**

Court of Criminal Appeals of Oklahoma.

Nov. 9, 1971.

Don Anderson, public defender, for plaintiff in error.

Larry Derryberry, Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Tyrone Ralph Hammons, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Oklahoma County, Oklahoma for the of-

fense of Robbery by Force, After Former Conviction of a Felony. His punishment was fixed at ten (10) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Hazel Wells testified that she was employed at the Lincoln Terrace Drug Store and on February 19, 1971, left work at 4:00 p. m., walking west on Culbertson Drive toward a parking lot. While unlocking her car, she had her arm through the handles of her purse. Two black youths wearing dark caps pulled down over their faces approached her, one on either side. One of them attempted to grab her purse, then let go and the other one grabbed it, knocked her down, and ran. She ran back to the drug store screaming and called the police. In approximately fifteen minutes, the police arrived at the store and had located her purse. She identified pictures of her purse on a car seat and of the black cap similar to the cap her assailant wore.

Officer Conner testified that he was in the vicinity of the 700 block about 4:00 p. m. on the day in question, when he heard a woman scream. He ran across the street and observed a white 1960 model Buick emerge from the alley onto Lindsay, headed north. Three colored males were in the car and a fourth one started to enter, then ran. One of the occupants of the car also got out from the back seat and ran west. Conner drew his gun and ordered the occupants of the car to stop. The vehicle cut around the scout car on the median and traveled approximately one block, where it struck a tree and came to a stop. The driver of the vehicle jumped from the car and ran south into the alley. Conner pursued and observed a person, whom he identified as the defendant, run into an apartment house. At the back door of the apartment, Conners found a long-sleeved blue shirt that the defendant had been previously wearing. He went upstairs and found defendant mopping the staircase, clad in a T-shirt and blue trousers. He placed the defend-

ant under arrest, and upon returning to the defendant's vehicle found a purse on the front seat containing Mrs. Wells' drivers license. He identified pictures of the car and a black cap that was on the ground near the car. The car was registered to defendant's mother.

Officer Roddy testified that he was Conner's partner on the day in question. His testimony concerning the vehicle cutting in front of the scout car, on the median and striking a tree did not differ substantially from that of Conner's. He identified the defendant in court as the driver of the car. He identified the hat in State's Exhibit Two as the one that fell to the ground as the defendant ran from the car. He discovered the purse in the car with Mrs. Wells' drivers license and various credit cards.

Officer Lippe and Officer Dillard testified that they first observed the Buick accelerate from the alley onto Lindsay north. The car then stopped and the driver ran back down the alley and they pursued, unsuccessfully. Upon returning they found the Buick to be a block further down Lindsay in a yard.

The defendant testified that he was in the vicinity of 700 Culbertson Drive that afternoon. He heard a lady scream and went over to see what was the matter. An officer told him to halt, and he observed his mother's vehicle going by. The officer fired four or five times, and he ran into a nearby apartment. The officer shortly thereafter came into the apartment and inquired who was driving the vehicle. Defendant told him that it was one Robert Moore, whom he had loaned his mother's vehicle to previously. He denied that he was mopping the apartment's staircase, denied being the driver of the Buick, and denied having anything to do with the taking of the purse. He admitted a prior conviction of Burglary in the Second Degree.

█ The first proposition asserts that the verdict is not supported by the evidence. We have consistently held that where there is competent evidence in the

Record from which the jury can reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts. Jones v. State, 468 P.2d 805 (1970).

█ The final proposition contends that the punishment is excessive. Suffice it to say that the punishment imposed was the minimum provided by law.

In conclusion, we observe that the Record is free of any error which would justify modification or require reversal. The judgment and sentence is accordingly affirmed.

BRETT, J., concurs.