David Lee MACK, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A-18192.

Court of Criminal Appeals of Oklahoma.

May 8, 1973.

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

## OPINION

BLISS, Presiding Judge:

In the District Court of Oklahoma County, Case No. CRF–72–1608, appellant, David Lee Mack, hereinafter referred to as defendant, was charged, tried and convicted for the offense of Robbery with Firearms. His punishment was fixed at twelve (12) years imprisonment. From that judgment and sentence, he has perfected his timely appeal to this Court.

Clark Adamson testified that on July 6, 1972, he was employed at the U-Tote-M convenience store, 3200 South Boulevard, Edmond, Oklahoma. Shortly before 1:00 a.m., two black males entered the store wearing paper sacks over their heads. The taller of the two, clad in a red maroon shirt, was armed with a revolver which had the same appearance and characteristics as State's Exhibit No. 1. The shorter of the two was clad in a green fatigue shirt. Both demanded the money contained in the cash register. Adamson delivered currency and the coin tray containing the coins, State's Exhibit No. 2, and the pair left the store. After they left, Adamson found the two sacks worn by the robbers outside of the store and placed them in a waste receptacle, later delivering them to the investigating officer at the scene.

Officer Bill McPherren, of the Edmond Police Department, testified he made the initial investigation at the scene of the robbery, obtained a description of the subjects, and broadcasted the description. Further, he stated he recovered at the scene two paper sacks with eyeholes cut in them.

David Washington testified he resides at 3217 Harvey Drive, Edmond, Oklahoma, approximately 100 yards from the above store. Between 12:30 and 1:00 a.m. on the above date, from his bedroom window, he observed a black Cadillac stop on 33rd street near his home, approximately 50 yards from the U-Tote-M Store. He observed two people emerge from the vehicle and walk toward and around the corner of the store. He also observed these individuals wearing something over their heads. A few minutes after these two persons walked around to the front of the store, he observed them run from the store area back to the same car and speed in the direction of Interstate 35. Finally, he stated he gave this description and information to investigating police officers from the Edmond Police Department.

Officers Wesley Wayne Dawson and John Charles Campbell testified they were on patrol during the early morning hours of July 6, 1972. At approximately 12:45 a.m. Dawson stated he received a broadcast reporting an armed robbery at the above store. The broadcast included the above descriptions of the suspected vehicle

and occupants. At the 2700 block of Northeast 23rd, he and Campbell observed a black 1969 Cadillac traveling across Interstate 35. This vehicle resembled the vehicle in the broadcasted description. They stopped the vehicle at a Derby station near that intersection and upon approaching it observed, in the front seat, a black coin tray containing approximately forty dollars ($40.00) in coins. Currency in different denominations totaling approximately seventy-five dollars ($75.00) was also observed in the front seat of the vehicle. Finally, Dawson identified defendant and his co-defendants stating defendant was clad as described in the broadcast and was seated behind the steering wheel of the vehicle. Thereafter, the State and Defense rested.

Defendant Williams was charged after a former conviction of a felony. At the punishment stage of trial proceedings, defendant took the stand and gave testimony concerning his Army service record and citations. Furthermore, he testified he had no prior convictions. He admitted providing the gun and driving the car for the other two co-defendants in the robbery. Finally, he testified he became involved in this robbery to acquire money necessary to feed his family. Co-defendant Baldwin also testified and admitted the robbery. Thereafter, the State and Defense again rested.

 In defense counsel's first proposition, it is generally submitted the evidence does not support the verdict. We have carefully studied the transcript of trial proceedings and find the evidence legally sufficient to establish all elements of the offense and to identify defendant as the perpetrator. Coupling the circumstances; that defendant was the driver of a vehicle generally described as the escape vehicle used in the robbery; that the coin tray taken from the premises was found in the front seat of the vehicle; that a large quantity of money was found lying on the front seat of the vehicle; and that defendant was clad in similar clothing as one of the masked perpetrators; is

sufficient circumstantial evidence to identify as the perpetrator of the offense. Hammons v. State, Okl.Cr., 490 P.2d 1132 (1971).

 Counsel's second proposition asserts the punishment is excessive. We have repeatedly held the question of excessiveness of punishment must be determined by a study of all the facts and circumstances in each particular case. Wofford v. State, Okl.Cr., 494 P.2d 672 (1972). Considering the facts and circumstances in the instant case coupled with the fact the jury imposed a penalty well within statutory limits, we cannot conscientiously say the sentence imposed shocks the conscience of this Court. Considering the penalty imposed, we will not disturb the jury's assessment. See Jackson v. State, Okl.Cr., 494 P.2d 358 (1972).

The judgment and sentence is affirmed.

BUSSEY and BRETT, JJ., concur.