**Sidney MARTIN, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–18208.**

Court of Criminal Appeals of Oklahoma.

May 30, 1973.

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

OPINION

BUSSEY, Judge:

Appellant, Sidney Martin, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County, for the offense of Burglary in the Second Degree, his punishment was fixed at five (5) years imprisonment and from said judgment and sentence a timely appeal has been perfected to this Court.

At the trial Arthur South, manager of the Congress Apartments, located in Oklahoma County, Oklahoma, testified that at approximately 9:00 p. m. on August 20, 1972, he locked a utility room door with a padlock; that at 10:00 p. m. he observed that the door was open. He flashed a light inside the room and observed the defendant. He testified that he did not give the defendant permission to be inside the room and that various items inside the room had been moved from their original location.

Officer Robert Woods testified that he was dispatched to the location. Upon arriving, he proceeded up the staircase to the apartment and observed two men coming down the stairs with the defendant. He took the defendant into custody and advised him of his constitutional rights. The de-

fendant stated that he was "looking for a friend."

Officer Kenneth Linn testified that he proceeded to the scene with Officer Woods. Upon arriving he observed the defendant coming down the stairs with his hands on top of his head, followed by Mr. South. He subsequently tried several different keys on the padlock and found that it was very easy to open with other keys.

The defendant did not testify nor was any evidence offered in his behalf.

The first proposition asserts that the verdict is not supported by the evidence. We have consistently held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, since it is the exclusive province of the jury to weigh the evidence and determine the facts. Turner v. State, Okl.Cr., 479 P.2d 631.

The second proposition contends that the punishment is excessive. Suffice it to say that the punishment imposed is well within the range provided by law and does not shock the conscience of this Court.

The final proposition asserts that accusatory hearsay was improperly admitted. Over defendant's objection, Officer Linn was permitted to testify about what South told him on arrival at the scene, implicating the defendant to the burglary. Defendant candidly admits that "admission of this hearsay is error; see McGrew v. State, Okl.Cr., 293 P.2d 381, and cases there cited. However, this would appear to be harmless for South testified in court to the same thing in great detail and was there subject to cross-examination." We concur that the same constitutes harmless error.

The judgment and sentence is accordingly affirmed.

BLISS, P. J., concurs.

BRETT, J., dissents.