**Pharon Allen JOHNSON, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–83–747.**

Court of Criminal Appeals of Oklahoma.

Nov. 26, 1985.

**120**

James T. Rowan, Asst. Public Defender, Steven D. Hess, Legal Intern, Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen., Robert W. Cole, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Pharon Allen Johnson, was convicted in the District Court of Oklahoma County, Case Nos. CRF–83–926 and CRF–83–929, of Rape in the First Degree After Former Conviction of a Felony, Oral Sodomy After Former Conviction of a Felony, and Robbery With a Dangerous Weapon After Former Conviction of a Felony, was sentenced to seventy years' imprisonment on each count, and he appeals.

The facts are that on November 8, 1982, the prosecutrix received a telephone call from the appellant in response to a newspaper ad in which she advertised some articles of furniture for sale. He made an appointment to be at her house at 1:00 p.m. and arrived on time. While there he examined a rug which he agreed to purchase, made a telephone call, and examined a table in the garage. When they came back into the house he grabbed her, put a knife to her throat, and demanded money to which she responded by taking him to the bedroom where she had about $150 in cash. After placing that in his pocket, and examining some jewelry, he ordered her to remove all of her clothing, which she did, forced her to commit oral sodomy, and raped her. He then tied her hands behind her back, lifted the bed, forcing her under it, and placed the bed on top of her. She positively identified him during the trial.

The State called other witnesses, four of whom identified the appellant as the perpetrator of similar offenses against them in that he responded to a newspaper ad for the sale of some item or items, made an appointment with each by telephone, arriving in the early afternoon, and then robbed each of them by threatening them with a knife or gun. One of these witnesses he also raped. Both the assignments of error alleged by the appellant result from the trial court's allowing these witnesses to testify.

For his first assignment of error the appellant alleges that the evidence of other crimes was improperly admitted because it did not fit the "common scheme or plan" exception to the rule stated in *Atnip v. State*, 564 P.2d 660 (Okl.Cr.1977) that when a defendant is put on trial for one offense, evidence of other crimes is inadmissible. An exception to this rule is that evidence which demonstrates a highly distinctive method of operation is relevant in determining the guilt or innocence of the accused and is admissible if it is so unusual and distinctive as to be like a signature. See, *Driver v. State*, 634 P.2d 760 (Okl. Cr.1981); see also *Turnbow v. State*, 451 P.2d 387 (Okl.Cr.1969). We find that the crimes presented in the case before us demonstrate a highly distinctive method of operation. All five victims who testified were moderately young, white females. Each had previously placed an ad in a newspaper with an item for sale which the appellant answered by telephone making an appointment for the same day. All occurred in the same general area. Four of the crimes took place on a Monday, and all five within a three hour period in the early afternoon in the victim's house, when the victim was alone or with a small child. In four of the cases the women's hands were tied behind her, and she was left in a bedroom, but when the victim's three-and-one-half-year-old daughter followed them in, he shut the daughter in the bedroom and took the mother into the adjacent bathroom. In each instance he took cash and frequently other items. All five victims were robbed, two were raped, and the victim in the case before us was

sodomized. All victims positively identified the appellant. This assignment of error is without merit.

As his second assignment of error, the appellant alleges that the trial court improperly admitted evidence of other crimes in violation of the procedure set out in *Burks v. State*, 594 P.2d 771 (Okl.Cr.1979). However, the record does not support this contention as the appellant admitted at trial "that the *Burks'* notice was received and that said notice was proper and timely." (Tr. 3). Therefore, this assignment of error is likewise without merit.

The judgments and sentences are AFFIRMED.