2010 OK CR 28

**Brian K. JOHNSON**

v.

**The STATE of Oklahoma.**

No. F–2009–1140.

Court of Criminal Appeals of Oklahoma.

Dec. 16, 2010.

James Hughes, Craig Hoehns, Assistant Public Defenders, Oklahoma County Public Defender's Office, Oklahoma City, OK, attorneys for defendant at trial.

Pam Stillings, Jimmy Harmon, Assistant District Attorneys, Oklahoma County District Attorney's Office, Oklahoma City, OK, attorneys for State at trial.

Andrea Digilio Miller, Assistant Public Defender, Oklahoma County Public Defender's Office, Oklahoma City, OK, attorney for appellant on appeal.

W.A. Drew Edmondson, Attorney General of Oklahoma, Jennifer L. Strickland, Assistant Attorney General, Oklahoma City, OK, attorneys for appellee on appeal.

## ORDER WITHDRAWING OPINION AND SUBSTITUTING ATTACHED OPINION

¶ 1 On November 30, 2010, Appellee, the State of Oklahoma, filed a "Motion To Publish Opinion" in the above-styled case. The State asserts that publication of this Court's Opinion herein, *Johnson v. State*, Case No. F–2009–1140 (Oct. 20, 2010) (not for publication), is warranted. The State argues there is currently no Uniform Jury Instruction—Criminal which addresses the change in the law made by 12 O.S.Supp.2007, §§ 2413, 2314, and this Court's opinion in *Horn v. State*, 2009 OK CR 7, 204 P.3d 777. In this Opinion the Court approves a jury instruction on this issue given by the district court. Upon review of the Motion and the Opinion, the Court finds the request is well taken. The prior opinion in the above styled case is withdrawn.

¶ 2 The State's Motion to Publish is **GRANTED.** The Clerk of this Court is hereby directed to designate the attached Opinion including "Appendix A" hereto, as "For Publication."

¶ 3 **IT IS SO ORDERED.**

¶ 4 **WITNESS OUR HANDS AND THE SEAL OF THIS COURT** this *16th* day of *December*, 2010.

/s/ Charles A. Johnson
CHARLES A. JOHNSON, Presiding Judge

/s/ Arlene Johnson
ARLENE JOHNSON, Vice Presiding Judge

/s/ Gary L. Lumpkin
GARY L. LUMPKIN, Judge

/s/ David B. Lewis
DAVID B. LEWIS, Judge

/s/ Clancy Smith
CLANCY SMITH, Judge

### OPINION

SMITH, Judge.

¶ 1 Brian K. Johnson was tried by jury and convicted of Count I, Rape in the First Degree in violation of 21 O.S.Supp.2008, § 1114; Count II, Forcible Oral Sodomy in violation of 21 O.S.Supp.2007, § 886; and Count III, Assault and Battery by Means Likely to

Cause Death in violation of 21 O.S.Supp.2007, § 652, in the District Court of Oklahoma County, Case No. CF–2008–6677. In accordance with the jury's recommendation the Honorable Virgil Black sentenced Johnson to life imprisonment without the possibility of parole (Count I), twenty (20) years imprisonment (Count II), and life imprisonment (Count III). The sentences were imposed consecutively. Johnson appeals from these convictions and sentences and raises two propositions of error in support of his appeal.

¶ 2 Johnson attacked, raped and sodomized C.L. during the early morning hours of October 19, 2008. C.L. met Johnson at a friend's house and he offered her a ride home about 3:00 a.m. Instead of driving to C.L.'s house Johnson drove to his own home, explaining he wanted to go inside for cigarettes and a drink. He invited C.L. in, and she waited for some time while Johnson was elsewhere in the house. C.L. picked up the kitchen phone but it was dead. Johnson finally appeared, handed C.L. a beer, accompanied her into a different room, and attacked her from behind. He choked C.L. and she lost consciousness. When she awoke she was naked. As Johnson raped and sodomized her, she lost consciousness again. C.L. awoke in the midst of the sexual assaults and pretended to be dead. At some point during the attack C.L. tried to fight back, biting Johnson, who hit her and poked her eye with his thumb. She also defecated during the assaults. When the sexual assaults ended, sometime shortly before 6:00 a.m., Johnson took C.L. to a bathroom to clean up. Johnson left the bathroom and C.L. ran from the house, naked and carrying a washcloth. She hid on the front porch of a nearby house. The homeowner discovered C.L. and called 911. The homeowner gave C.L. a sheet to cover herself; her epithelial cells and Johnson's sperm were later found on the sheet. C.L. suffered multiple injuries including extensive bruising over her body, head and vagina, as well as scrapes, abrasions and scratches. Her injuries were consistent with strangulation. Her underpants were found on a pile of feces in the room in Johnson's house where C.L. testified the rape occurred.

¶ 3 Johnson denied attacking and sexually assaulting C.L. He told police that he had never met C.L. and was not present if any crime happened in his house. Defense counsel argued at trial that any sexual activity was consensual.

¶ 4 The State introduced evidence that Johnson had raped and strangled a woman in New Mexico in August 2002. Johnson was tried for murder, rape and kidnapping. He was convicted of rape and false imprisonment and had a hung jury on a murder charge. His convictions were dismissed on appeal due to a speedy trial violation. The trial court did not admit evidence that the victim in that case died, but confined the State to testimony regarding the rape, including crime scene and DNA evidence, and evidence of the victim's injuries. Jurors were told that the victim was dead at the time of Johnson's trial, but not the time or manner of her death.

¶ 5 In his first proposition of error, Johnson claims that 12 O.S.Supp.2007, § 2413, which allows the State to introduce propensity evidence in the prosecution of sexual assault cases, is unconstitutional. He argues that the statute violates his right to due process. This Court has considered this issue and found that the statute does not violate due process and is constitutional. *Horn v. State*, 2009 OK CR 7, ¶¶ 27–28, 204 P.3d 777, 784. Johnson acknowledges this but urges this Court to reconsider our decision in *Horn*. Johnson offers no new argument on this issue. The statute allowing propensity evidence in sexual assault cases is constitutional.

¶ 6 In his second proposition, Johnson claims the trial court erred in admitting prejudicial propensity evidence under § 2413. We found in *Horn* that propensity evidence must be proved by clear and convincing evidence and is subject to the balancing test for all relevant evidence—whether its probative value is substantially outweighed by its prejudicial effect. *Horn*, 2009 OK CR 7, ¶ 40, 204 P.3d at 786. We held:

> [T]rial courts should consider, but not be limited to the following factors: 1) how clearly the prior act has been proved; 2)

how probative the evidence is of the material fact it is admitted to prove; 3) how seriously disputed the material fact is; and 4) whether the government can avail itself of any less prejudicial evidence. When analyzing the dangers that admission of propensity evidence poses, the trial court should consider: 1) how likely is it such evidence will contribute to an improperly-based jury verdict; and 2) the extent to which such evidence will distract the jury from the central issues of the trial. Any other matter which the trial court finds relevant may be considered.

*Id.* (citation omitted).

¶ 7 The record shows the trial court thoroughly considered these factors before admitting the New Mexico evidence over Johnson's objection. Johnson argues that propensity evidence of the New Mexico crime was substantially more prejudicial than probative. He also argues that jurors speculated about the circumstances of the New Mexico victim's death. The record does not support these claims.

¶ 8 Three witnesses testified about the New Mexico crime. An Albuquerque police detective testified regarding injuries he observed to the victim at the scene, including injuries consistent with strangulation. Two photographs of injuries to the victim's neck were admitted; the victim was not obviously dead in these pictures. He also testified that Johnson's fingerprints were found at the scene. An Albuquerque police forensic scientist testified that DNA samples from the hairs found on the victim and from the victim's mouth, vagina, and anus were consistent with a mixture of DNA from the victim and Johnson, or that they both were contributors to the samples. The doctor who examined the New Mexico victim—the parties were careful not to say anything suggesting he was a pathologist or that the exam was post-mortem—testified regarding the evidence he collected from the victim and the extent of her injuries. The victim had injuries consistent with strangulation as well as blunt force injuries. The victim's strangulation marks and bruising were similar to C.L.'s bruising after Johnson's attack on her. The New Mexico victim had genital and anal injuries as well; the doctor testified that, based on the severity of the anal injuries, in his opinion the anal intercourse was not consensual. Over Johnson's objection the court admitted a photograph of the New Mexico victim's anus, and a copy of the doctor's labeled line drawing of the anal and genital injuries with all reference to the pathology examination redacted.

¶ 9 The State's case focused on the charged offense. C.L. testified against Johnson, describing the attack and sexual assaults clearly, consistently and without hesitation. The homeowner to whom she fled testified about finding C.L. after the attack and calling 911. Investigating officers testified regarding the search of the crime scene and Johnson's arrest and interrogation. The Sexual Assault Nurse Examiner (SANE nurse) testified about her examination of C.L. and preparation of a rape kit the day of the assaults. She described the history she took from C.L. and the injuries she observed. The trial court admitted pictures of injuries to C.L.'s body, limbs, neck and head and a picture of the injury to C.L.'s vagina. A forensic scientist testified that she examined DNA samples and found Johnson's and C.L.'s DNA on the sheet C.L. wore after the attack.

¶ 10 Evidence of the New Mexico crime was remarkably similar to the charged offense. Both women were manually strangled, and the strangulation marks were in the same place on each victim's throat. Both women had extensive bruising over the same areas of their bodies, limbs and neck. Both women had vaginal injuries consistent with blunt force trauma. A mixture of Johnson's and the victims' DNA was found on evidence from each crime scene. The primary difference in evidence before the jury was that the New Mexico victim also suffered a brutal anal rape, while C.L. did not.

¶ 11 Reviewing this evidence in light of the *Horn* factors, the trial court did not abuse its discretion. The facts of the New Mexico rape were proved by clear and convincing evidence. Johnson vigorously challenged the prosecution, arguing that any intercourse was consensual and denying that any type of rape or attack occurred. The record does

not show that any less prejudicial evidence was available to the State on the issue of consensual intercourse with Johnson as opposed to a violent sexual assault by him. *United States v. Enjady*, 134 F.3d 1427, 1431 (10th Cir.1998) (propensity evidence may corroborate rape victim's testimony on issue of consent).

¶ 12 The propensity evidence was probative to the charged offense because: (a) the sexual assaults were similar; (b) although six years elapsed between the rapes, Johnson was imprisoned for five of those years; (c) the record shows that the trial court, though not the jury, was aware that Johnson had been accused of similar rapes accompanied by strangulation in 1988 and in July 2008, shortly before this crime; (d) the record suggests no intervening events beyond Johnson's prison term and move to Oklahoma; (e) as the New Mexico victim could not testify, the State called three witnesses, each of whom testified about a limited and specific area of the case (crime scene investigation, DNA, and injuries). *United States v. Guardia*, 135 F.3d 1326, 1331 (factors relevant to probative value of propensity evidence).

¶ 13 The record supports the trial court's conclusion that the propensity evidence was not misleading or confusing and would not contribute to an improper verdict. The trial court and the parties went to great lengths to ensure that jurors neither saw nor heard inflammatory and irrelevant evidence of the New Mexico victim' death. Of course, jurors were told the victim was dead to explain her absence at trial. At sentencing, the parties discussed briefly their talk with jurors after the trial ended. The record shows that at least one juror assumed she had died of an overdose or some other cause, because had Johnson killed her he would be in prison. The trial court noted that the jurors did not seem concerned that the victim was dead. The trial court also noted that the propensity evidence did not encourage jurors to impose the maximum sentence, but that "[t]hey just thought it showed that he had propensity."

¶ 14 Prosecutors did not emphasize the propensity evidence in argument. In first closing argument the prosecutor briefly explained that the New Mexico evidence was offered, not to prove Johnson was a bad person, but to show he is a person who commits this type of act. The second closing argument did not mention the propensity evidence at all.

¶ 15 The jury was properly instructed on the limited use of the propensity evidence. Before the propensity witnesses testified, and again at the close of all the evidence, the jury was instructed that the evidence was being offered to show Johnson's propensity to commit sexual assault, but that jurors could not convict the defendant solely because he might have such a propensity. Jurors were reminded that the State had the burden to prove every element of the charged offense beyond a reasonable doubt, and instructed that propensity evidence did not overcome that burden. The trial court's instruction is set forth as Appendix A of this Opinion.

¶ 16 The propensity evidence in this case met the *Horn* factors. Jurors were properly instructed regarding its use. Presentation of the evidence did not consume an inordinate amount of trial time. *United States v. Benally*, 500 F.3d 1085, 1092 (10th Cir.2007). Prosecutors did not emphasize the evidence in closing argument so as to confuse or mislead jurors. The trial court did not abuse its discretion in admitting propensity evidence. *Horn*, 2009 OK CR 7, ¶ 41, 204 P.3d at 786.

### Decision

¶ 17 The Judgments and Sentences of the District Court are **AFFIRMED**. Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2010), the **MANDATE** is **ORDERED** issued upon the delivery and filing of this decision.

C. JOHNSON, P.J., A. JOHNSON, V.P.J., LUMPKIN and LEWIS, JJ.: concur.

### Appendix A

### Other Acts of Sexual Assault/Child Molestation

¶ 1 You have heard evidence that the defendant may have committed (**another/other**) offense(s) of (**sexual assault/child molestation**) in addition to the offense(s) charged in

the Information. You may consider this evidence for its tendency, if any, to show the defendant's predisposition or inclination to engage in acts of (**sexual assault/child molestation**). This evidence of predisposition or inclination to engage in acts of (**sexual assault/child molestation**) is to be considered by you along with all of the other evidence and given the weight, if any, you deem appropriate in reaching your verdict. You may not, however, convict the defendant solely because you believe (**he/she**) committed (**this/these**) other offenses(s) or solely because you believe (**he/she**) is predisposed or inclined to engage in acts of (**sexual assault/child molestation**). The prosecution's burden of proof to establish the defendant's guilt beyond a reasonable doubt remains as to each and every element of (**each/the**) offense charged.