OSCN Found Document:PULLEN v. STATE

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 PULLEN v. STATE
2016 OK CR 18
Case Number: F-2015-138
Decided: 08/04/2016
ASHLEY REED PULLEN, Appellant, v. THE STATE OF OKLAHOMA, Appellee.
Cite as: 2016 OK CR 18, __ __

 

 

SUMMARY OPINION

HUDSON, JUDGE:

¶1 Appellant Ashley Reed Pullen was tried and convicted by a jury for the crime of First Degree Rape by Narcotic or Anesthetic Agent, in violation of 21 O.S.2011, § 1111(A)(4), in Tulsa County District Court, Case No. CF-2014-1074.[1] The jury recommended a sentence of life imprisonment with the possibility of parole. At formal sentencing, the Honorable William J. Musseman, District Judge, sentenced Appellant in accordance with the jury's verdict. Pullen now appeals.[2]

¶2 Appellant alleges five propositions of error on appeal:

 

I. THE DISTRICT COURT'S DECISION TO ADMIT INSTANCES OF "BAD ACT" EVIDENCE IN THIS CASE VIOLATED RELEVANT PROVISIONS OF THE OKLAHOMA EVIDENCE CODE AND ULTIMATELY DENIED APPELLANT THE RIGHT TO DUE PROCESS AND A FAIR TRIAL UNDER THE FOURTEENTH AMENDMENT TO THE [UNITED STATES] CONSTITUTION;

II. THE EVIDENCE WAS INSUFFICIENT TO ESTABLISH BY PROOF BEYOND A REASONABLE DOUBT THAT APPELLANT WAS THE PERSON WHO RAPED THE ALLEGED VICTIM IN THIS CASE;

III. THE DISTRICT COURT IMPROPERLY ADMITTED HEARSAY TESTIMONY WHERE THE ALLEGED VICTIM TOLD HER SISTER THAT SHE HAD BEEN RAPED. UNDER THE FACTS OF THIS CASE, THE TESTIMONY WAS NOT ADMISSIBLE UNDER ANY RECOGNIZED EXCEPTION TO THE HEARSAY PROHIBITION UNDER OKLAHOMA LAW;

IV. REPEATED EFFORTS BY THE PROSECUTOR IN CLOSING ARGUMENT TO GARNER SYMPATHY FOR THE VICTIM CONSTITUTED MISCONDUCT IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION; and

V. APPELLANT'S LIFE SENTENCE IS EXCESSIVE AND SHOULD BE MODIFIED.

¶3 After thorough consideration of the entire record before us on appeal, including the original record, transcripts, exhibits and the parties' briefs, we find that no relief is required under the law and evidence and Appellant's Judgment and Sentence should be AFFIRMED.

1.

¶4 We review a trial court's ruling admitting evidence for an abuse of discretion. Levering v. State, 2013 OK CR 19, ¶ 15, 315 P.3d 392, 397. "An abuse of discretion has been defined as a conclusion or judgment that is clearly against the logic and effect of the facts presented." State v. Hooley, 2012 OK CR 3, ¶ 4, 269 P.3d 949, 950. Because Appellant did not preserve below his challenge to the propensity evidence on grounds that it was inadmissible under 12 O.S.2011, § 2413, we review this issue solely for plain error. Appellant agreed during pre-trial proceedings that testimony from M.W., C.S., T.B. and L.P. was admissible under § 2413. At trial, Appellant limited his objection to these witnesses' testimony on grounds that it was inadmissible under 12 O.S.2011, § 2404(B). Appellant has therefore waived all but plain error review concerning the admissibility of the challenged testimony under § 2413. Romano v. State, 1995 OK CR 74, ¶ 18, 909 P.2d 92, 109 ("[w]here a defendant makes a specific objection at trial no different objections will be considered on appeal.").

¶5 Appellant fails to show actual error, let alone plain error, from the admission of the propensity evidence in this case. Malone v. State, 2013 OK CR 1, ¶ 41, 293 P.3d 198, 211-12 (discussing three-part plain error test). Reviewing the propensity evidence in light of the factors for admissibility articulated in Horn v. State, 2009 OK CR 7, ¶ 40, 204 P.3d 777, 786 and Johnson v. State, 2010 OK CR 28, ¶ 6, 250 P.3d 901, 903, the trial court did not abuse its discretion. M.W., C.S., T.B. and L.P. described a similar pattern in which all four women: 1) were in their early 20s; 2) were lured in January or early February 2014 during the nighttime to Appellant's apartment under the guise of meeting their Facebook friend Corey Davis; 3) waited for Corey at Appellant's apartment for a substantial period of time while Corey communicated via text message and online that he would arrive soon; 4) drank shots of vodka at Appellant's suggestion; 5) blacked out for a lengthy period of time after drinking the shots; 6) awoke the next morning in Appellant's apartment with only Appellant and/or his young son present; and 7) never met Corey Davis. The State also proved by clear and convincing evidence that Appellant sexually assaulted M.W., C.S., T.B. and L.P. while they were blacked out at his apartment. 12 O.S.2011, § 2413(A), (D).

¶6 The above described sexual propensity evidence was relevant to prove both identity and absence of mistake or accident in relation to the charged offense. A disputed issue at trial was the identity of the person who raped K.S. The State had no direct evidence of the perpetrator's identity as K.S. did not see Appellant have sex with her and could not be certain someone else was in the apartment. Also, there was no physical evidence showing Appellant had sex with K.S. The many similarities between the crimes described by the propensity witnesses and the charged offense were highly relevant to show the identity of K.S.'s rapist. All of these similarities demonstrate a highly peculiar method of operation which is so unusual and distinctive as to be like a signature. The unique similarities portrayed in the testimony from M.W., C.S., T.B. and L.P. presented clear and convincing evidence of Appellant's identity as the perpetrator of the charged offense. Welch v. State, 2000 OK CR 8, ¶ 11, 2 P.3d 356, 366; Johnson v. State, 1985 OK CR 152, ¶ 4, 710 P.2d 119, 120-21.

¶7 The propensity evidence was also relevant to show absence of mistake or accident. At trial, the defense suggested K.S. was rendered unconscious at Appellant's apartment from the interaction of the vodka shots K.S. drank with the many prescription medications she was using. Testimony from the propensity witnesses concerning the pattern in which Appellant lured them to his apartment and how they passed out after drinking vodka shots at which time Appellant sexually assaulted them tended to bolster the State's theory that K.S.'s blackout was caused not by prescription medications but, instead, GHB/GBL stealthily administered by Appellant.

¶8 The probative value of the propensity evidence far outweighed the danger of unfair prejudice. 12 O.S.2011, § 2403. There was no less prejudicial evidence that could be used as a substitute for the propensity evidence. The trial court's use of the OUJI-CR 9-10A limiting instruction, which emphasized the limited nature of the propensity evidence and correctly told jurors the manner in which they could consider it, also favors admissibility. See Johnson, 2010 OK CR 28, ¶ 15, 250 P.3d at 905. Under the total circumstances, the challenged evidence was admissible under 12 O.S.2011, § 2413. The district court therefore did not abuse its discretion in admitting this evidence. Because there is no error, there is no plain error. Bosse v. State, 2015 OK CR 14, ¶ 43, 360 P.3d 1203, 1223. Relief is denied for Proposition I.

2.

¶9 "We review sufficiency of the evidence claims in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Davis v. State, 2011 OK CR 29, ¶ 74, 268 P.3d 86, 111 (citing Jackson v. Virginia, 443 U.S. 307, 316, 99 S. Ct. 2781, 2787, 61 L. Ed. 2d 560, 571 (1979) and Spuehler v. State, 1985 OK CR 132, ¶ 7, 709 P.2d 202, 203-04). This analysis requires examination of the entire record. Young v. State, 2000 OK CR 17, ¶ 35, 12 P.3d 20, 35. "This Court will accept all reasonable inferences and credibility choices that tend to support the verdict." Davis, 2011 OK CR 29, ¶ 74, 268 P.3d at 111. Taken in the light most favorable to the State, any rational trier of fact could find beyond a reasonable doubt from the record evidence that Appellant had sexual intercourse with K.S. after drugging her with GHB/GBL as a means of forcing the victim to consent. Circumstantial evidence alone may be sufficient to establish the identity of the accused as the person who committed the charged offense. See, e.g., Hardy v. State, 1977 OK CR 149, ¶¶ 15-16, 562 P.2d 943, 947; Mack v. State, 1973 OK CR 242, ¶ 7, 509 P.2d 1372, 1374; Fowler v. State, 1953 OK CR 71, 97 Okl.Cr. 34, 35, 257 P.2d 537, 538. Relief is denied for Proposition II.

3.

¶10 Appellant timely objected to Shandi Clouse's testimony that K.S. told her she had been raped, thus preserving this issue for appellate review. Again, we review a trial court's ruling admitting evidence for an abuse of discretion. See Levering, 2013 OK CR 19, ¶ 15, 315 P.3d at 397. The record confirms that K.S. made the statement to Shandi about being raped roughly twelve (12) hours after the rape. Title 12 O.S.2011, § 2803(2) provides that a statement "relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition" is not excluded by the hearsay rule.

¶11 Upon review, we find that the trial court abused its discretion in admitting this testimony. Taylor v. State, 2011 OK CR 8, ¶¶ 29-31, 248 P.3d 362, 372-73. There is no persuasive showing that K.S. was still under the excitement of the startling event or that the statement's nearness to the stimulating event excludes the possibility of premeditation and fabrication. Id., 2011 OK CR 8, ¶ 29, 248 P.3d at 372. The passage of twelve hours provided K.S. an extended opportunity for reflection. It appears that this opportunity for reflection, as well as K.S.'s previous failure to disclose the rape to several people, caused K.S. renewed anguish. Even though K.S.'s statements were spontaneous, and there is no evidence that she told anyone about the rape prior to telling Shandi Clouse, the record shows that the challenged statement was not made under the stress of the startling event, i.e., the rape itself, but events which transpired in the twelve hours afterwards. "The substantial lack of contemporaneity undermines the reliability of the statements here and thereby defeats the rationale for the hearsay exception." Id., 2011 OK CR 8, ¶ 30, 248 P.3d at 373.

¶12 The error arising from the admission of this testimony was nonetheless harmless. K.S. testified in court to virtually the same thing in great detail and was subject to cross-examination. Relief is therefore denied for Proposition III. Beavers v. State, 1985 OK CR 146, ¶ 7, 709 P.2d 702, 705; Martin v. State, 1973 OK CR 269, ¶ 8, 510 P.2d 1394, 1395; 20 O.S.2011, § 3001.1.

4.

¶13 Both parties have wide latitude in closing argument to argue the evidence and reasonable inferences from it. We will not grant relief for improper argument unless, viewed in the context of the whole trial, the statements rendered the trial fundamentally unfair, so that the jury's verdicts are unreliable. Darden v. Wainwright, 477 U.S. 168, 181, 106 S. Ct. 2464, 2471, 91 L. Ed. 2d 144 (1986); Bosse, 2015 OK CR 14, ¶ 75, 360 P.3d at 1232. The trial court sustained objections to two of the prosecutor's arguments now challenged on appeal. The trial court's actions cured any error arising from these comments. Johnson v. State, 2013 OK CR 12, ¶ 16, 308 P.3d 1053, 1057; Hanson v. State, 2009 OK CR 13, ¶ 19, 206 P.3d 1020, 1028; Mack v. State, 2008 OK CR 23, ¶ 9, 188 P.3d 1284, 1289.

¶14 In the third challenged passage, the prosecutor made a sentencing recommendation based on the facts of the case and the harm to the victim. "It is improper for the prosecution to ask jurors to have sympathy for victims." Bland v. State, 2000 OK CR 11, ¶ 97, 4 P.3d 702, 728. Review of the record in the present case, however, does not reveal improper sentencing argument designed to invoke sympathy for the victim. Rather, the challenged argument falls within the bounds of the wide latitude of discussion allowed in closing argument. It is therefore not grounds for claiming prosecutorial misconduct. Carol v. State, 1988 OK CR 114, ¶ 10, 756 P.2d 614, 617; Croan v. State, 1984 OK CR 69, ¶ 10, 682 P.2d 236, 238.

¶15 In summary, the challenged arguments--taken individually or collectively--did not deny Appellant a fundamentally fair trial in violation of due process. Relief for Proposition IV is denied.

5.

¶16 "This Court will not modify a sentence within the statutory range 'unless, considering all the facts and circumstances, it shocks the conscience.'" Neloms v. State, 2012 OK CR 7, ¶ 39, 274 P.3d 161, 171 (quoting Rea v. State, 2001 OK CR 28, ¶ 5 n.3, 34 P.3d 148, 149 n.3). The sentence imposed in this case was well within the statutory range of punishment for this crime. See 21 O.S.2011, § 1115. The evidence shows Appellant lured K.S. to his apartment under the guise of meeting a fictitious online friend he created, surreptitiously drugged K.S. with GHB/GBL as a means to force her to submit to sexual intercourse and then proceeded to have sexual intercourse with her while she was blacked out. The evidence shows this was part of a common scheme Appellant utilized against several women for his own sexual gratification. We have found no error in Appellant's other propositions of error suggesting that the jury was unfairly prejudiced in its sentencing verdict. The only error found--the erroneous admission of hearsay testimony from Shandi Clouse as discussed in Proposition III--was found harmless. There is no indication this error in any way impacted the jury's sentencing verdict. All things considered, the life sentence imposed in this case is factually substantiated and justified under the facts presented here. The sentence imposed does not shock the conscience. Relief is denied for Proposition V.

DECISION

¶17 The Judgment and Sentence of the district court is AFFIRMED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2016), the MANDATE is ORDERED issued upon delivery and filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF TULSA COUNTY
THE HONORABLE WILLIAM J. MUSSEMAN, DISTRICT JUDGE

 

 
 
 
 APPEARANCES AT TRIAL
 
 CHUCK SULLIVAN
 LINDSEY HOLGUIN
 ASSISTANT PUBLIC DEFENDERS
 PYTHIAN BUILDING
 423 SOUTH BOULDER, SUITE 300
 TULSA, OK 74103
 COUNSEL FOR DEFENDANT
 
 
 APPEARANCES ON APPEAL
 
 STUART W. SOUTHERLAND
 ASSISTANT PUBLIC DEFENDER
 PYTHIAN BUILDING
 423 SOUTH BOULDER, SUITE 300
 TULSA, OK 74103
 COUNSEL FOR APPELLANT
 
 
 
 
 BEN FU
 JENNY PROEHL-DAY
 ASSISTANT DISTRICT ATTORNEYS
 TULSA COUNTY COURTHOUSE
 500 SOUTH DENVER, SUITE 900
 TULSA, OK 74103
 COUNSEL FOR THE STATE
 
 
 E. SCOTT PRUITT
 OKLAHOMA ATTORNEY GENERAL
 ASHLEY L. WILLIS
 ASSISTANT ATTORNEY GENERAL
 313 N.E. 21ST STREET
 OKLAHOMA CITY, OK 73105
 COUNSEL FOR APPELLEE
 
 
 

OPINION BY: HUDSON, J.
SMITH, P.J.: CONCUR IN RESULTS 
LUMPKIN, V.P.J.: CONCUR
JOHNSON, J.: CONCUR 
LEWIS, J.: CONCUR

FOOTNOTES

[1] Appellant was tried alternatively on this same count for First Degree Rape, in violation of 21 O.S.2011, § 1111(A)(5). The jury also found Appellant guilty on this alternative charge and recommended a sentence of life imprisonment with the possibility of parole. At the election of the prosecutor, the trial court dismissed the First Degree Rape conviction leaving only the conviction for First Degree Rape by Narcotic or Anesthetic Agent.

[2] Appellant is required to serve at least 85% of his sentence before becoming eligible for parole. 21 O.S.Supp.2014, § 13.1(10).

 






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1988 OK CR 114, 756 P.2d 614, CAROL v. STATE
Discussed
 1977 OK CR 149, 562 P.2d 943, HARDY v. STATE
Discussed
 1995 OK CR 74, 909 P.2d 92, ROMANO v. STATE
Discussed
 2001 OK CR 28, 34 P.3d 148, 72 OBJ 2959, REA v. STATE
Discussed
 2008 OK CR 23, 188 P.3d 1284, MACK v. STATE
Discussed
 2009 OK CR 7, 204 P.3d 777, HORN v. STATE
Discussed
 2009 OK CR 13, 206 P.3d 1020, HANSON v. STATE
Discussed
 2010 OK CR 28, 250 P.3d 901, JOHNSON v. STATE
Discussed at Length
 2011 OK CR 8, 248 P.3d 362, TAYLOR v. STATE
Discussed at Length
 2011 OK CR 29, 268 P.3d 86, DAVIS v. STATE
Discussed at Length
 2012 OK CR 3, 269 P.3d 949, STATE v. HOOLEY
Discussed
 2012 OK CR 7, 274 P.3d 161, NELOMS v. STATE
Discussed
 2013 OK CR 1, 293 P.3d 198, MALONE v. STATE
Discussed
 2013 OK CR 12, 308 P.3d 1053, JOHNSON v. STATE
Discussed
 2013 OK CR 19, 315 P.3d 392, LEVERING v. STATE
Discussed at Length
 2015 OK CR 14, 360 P.3d 1203, BOSSE v. STATE
Discussed at Length
 2000 OK CR 8, 2 P.3d 356, 71 OBJ 989, Welch v. State
Discussed
 2000 OK CR 11, 4 P.3d 702, 71 OBJ 1304, Bland v. State
Discussed
 1953 OK CR 71, 257 P.2d 537, 97 Okl.Cr. 34, FOWLER v. STATE
Discussed
 1984 OK CR 69, 682 P.2d 236, CROAN v. STATE
Discussed
 1973 OK CR 242, 509 P.2d 1372, MACK v. STATE
Discussed
 1973 OK CR 269, 510 P.2d 1394, MARTIN v. STATE
Discussed
 1985 OK CR 132, 709 P.2d 202, SPUEHLER v. STATE
Discussed
 1985 OK CR 146, 709 P.2d 702, BEAVERS v. STATE
Discussed
 1985 OK CR 152, 710 P.2d 119, JOHNSON v. STATE
Discussed
 2000 OK CR 17, 12 P.3d 20, 71 OBJ 2286, Young v. State
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 2413, Evidence of Commission of Other Sexual Assault Offense - Admissibility - Disclosures by Prosecutor
Discussed at Length
 12 O.S. 2403, Exclusion of Relevant Evidence on Grounds of Prejudice, Confusion or Cumulative Nature of Evidence
Cited
 12 O.S. 2404, Character Evidence Not Admissible to Prove Conduct - Exceptions - Other Crimes
Cited
 12 O.S. 2803, Hearsay Exceptions - Availability of Declarant Immaterial
Cited
Title 20. Courts
 Cite
Name
Level

 20 O.S. 3001.1, Setting Aside Judgment on Ground of Misdirection of Jury or Error in Pleading or Procedure
Cited
Title 21. Crimes and Punishments
 Cite
Name
Level

 21 O.S. 13.1, Required Service of Minimum Percentage of Sentence - Offenses Specified
Cited
 21 O.S. 1111, Rape Defined
Discussed
 21 O.S. 1115, Punishment for Rape In First Degree
Cited