**2017 OK CR 23**

**Oscar Dale WILLIS, Appellant,**

**v.**

**STATE of Oklahoma, Appellee.**

**Case Number: F-2016-521**

Court of Criminal Appeals of Oklahoma.

Decided: 08/31/2017

BRITTANY M. NOVOTNY, 2410 N.W. 23RD, STE. 42, OKLAHOMA CITY, OK 73107, COUNSEL FOR DEFENDANT.

DAVID W. PRATER, DISTRICT ATTORNEY, RYAN STEPHENSON, ASSISTANT DISTRICT ATTORNEY, 320 ROBERT S. KERR, STE. 505, OKLAHOMA CITY, OK 73107, COUNSEL FOR THE STATE.

CINDY BROWN DANNER, P.O. BOX 926, NORMAN, OK 73070, COUNSEL FOR APPELLANT.

MIKE HUNTER, ATTORNEY GENERAL OF OKLAHOMA, JULIE PITTMAN, ASSISTANT ATTORNEY GENERAL, 313 N.E. 21ST ST., OKLAHOMA CITY, OK 73105, COUNSEL FOR THE STATE.

## SUMMARY OPINION

LUMPKIN, PRESIDING JUDGE:

¶1 Appellant Oscar Dale Willis was tried by jury and convicted of Offering and/or Soliciting Sexual Conduct with a Minor by Use of Technology (21 O.S.2011, § 1040.13a) in the District Court of Oklahoma County,

Case No. CF-2015-961. At the conclusion of trial, the jury did not recommend a prison sentence, but did recommend a four thousand dollar ($4,000.00) fine. The trial court sentenced accordingly. It is from this Judgment and Sentence that Appellant appeals.

¶ 2 Appellant raises the following propositions of error in support of his appeal:

I. The evidence was insufficient to support a conviction of the crime charged because the alleged "offer" was not made "by use of technology," nor did the alleged use of technology serve to exploit or victimize a minor, as required under 21 O.S. § 1040.13a(A).

II. Absent the Preliminary Hearing testimony of Samuel Burwell, admitted at trial over objection and in violation of the Confrontation Clause, the evidence of guilt was insufficient and Appellant's conviction should be reversed with instructions to dismiss.

III. Without the trial court's admission, over defense objection, of highly inflammatory, prejudicial and irrelevant evidence and the prosecutor's improper argument, the jury would not have convicted Appellant. The case should be reversed with instructions to dismiss.

¶ 3 After thorough consideration of these propositions and the entire record before us on appeal including the original record, transcripts, and briefs of the parties, we have determined that under the law and the evidence no relief is warranted.

¶ 4 In Proposition I, Appellant challenges the sufficiency of the evidence supporting his conviction. Specifically, he argues the evidence was insufficient because the alleged offer for sexual conduct with a minor was not made by use of technology as required by statute, but was made face-to-face and it was made to another adult and not to a minor. Appellant was convicted under 21 O.S. 2011, § 1040.13a(A) which makes it unlawful "for any person to facilitate, encourage, offer or solicit sexual conduct with a minor, or other individual the person believes to be a minor, by use of any technology, or to engage in any communication for sexual or prurient interest with any minor, or other individual

the person believes to be a minor, by use of any technology." For purposes of this section, a cell phone is included the definition of "by use of technology." *Id.*

¶ 5 This Court has addressed § 1040.13a in only one published opinion, *Arganbright v. State*, 2014 OK CR 5, 328 P.3d 1212. Appellant asserts that *Arganbright* has limited the application of § 1040.13a to this case by stating that "the plain language of Section 1040.13a reveals that the Legislature intended to prevent individuals from using electronic technology to sexually exploit or sexually abuse minors," quoting *Arganbright*, 2014 OK CR 5, ¶ 21, 328 P.3d at 1217. Appellant insists that using a cell phone to show another adult a picture—not found to be child pornography—does not fall within the narrow scope of the statute.

¶ 6 In *Arganbright*, an adult male repeatedly texted a 15 year old female and eventually engaged in a sexual relationship with her, after she turned 16. In response to the appellant's claim that § 1040.13a was unconstitutional as a violation of the free speech clause of the First and Fourteenth Amendments we said in part:

It is apparent from the plain language of § 1040.13a that the Legislature intended to restrict the use of electronic technology within the State and maintain the plumb line of minimally allowed conduct in our ordered society.... This statutory provision [§ 1040.13a] causes it to be unlawful for any person to communicate with a minor through the use of electronic technology for the purposes of facilitating, encouraging, offering, or soliciting sexual conduct or communicating sexual or prurient interest with any minor, or other individual the person believes to be a minor.

2014 OK CR 5, ¶¶ 18-19, 328 P.3d at 1217.

¶ 7 *Arganbright* involved a very different factual situation from that of the current case. In *Arganbright*, the person to whom the offer of sex was made was clearly a minor (although the appellant tried to argue she was not a minor because she was 16 years old). The issue in *Arganbright* was whether the offers of sex were illegal or within the limits of free speech. In interpreting § 1040.13a this Court said:

The Legislature appropriately limited the prohibition within § 1040.13a to the use of electronic technology to "facilitate, encourage, offer, or solicit sexual conduct with a minor" or express "sexual or prurient interest with any minor." Therefore, we find that § 1040.13a was narrowly tailored to promote the State's compelling interest of preventing individuals from using technology to sexually exploit or sexually abuse minors.

2014 OK CR 5, ¶ 38, 328 P.3d at 1221.

¶ 8 Neither the language of *Arganbright* nor the language of the statute renders § 1040.13a not applicable to the present case. For what neither *Arganbright* nor the plain language of § 1040.13a address is to whom the offer of sex with a minor must be made. Neither § 1040.13a nor *Arganbright* limit the unlawful offers for sex to communications with minors. The statutory prohibition is to offers of sex with a minor or any other individual believed to be a minor. The statute does not limit or specifically dictate to whom the offer of sex with a minor must be made. The plain language of the statute only prohibits an offer of sex with a minor made by means of technology.

¶ 9 That Appellant approached Mr. Burwell and verbally offered the young girl in the photo on his cell phone for sex does not take this case outside the parameters of § 1040.13a. On more than one occasion, Appellant showed Mr. Burwell a photo on his cell phone of a scantily clad teenager and offered her to Burwell in exchange for $600.00. Mr. Burwell understood Appellant to be offering the subject of the photo for sexual purposes. Showing the photo on the cell phone combined with the offer for sex places Appellant's conduct under the statutory prohibition making it "unlawful for any person to facilitate, encourage, offer or solicit sexual conduct with a minor, or other individual the person believes to be a minor, by use of any technology." By showing the cell phone photo of the minor and offering her for sexual purposes, technology was the source of the sexual exploitation, as required by statute, despite the fact the offer for sex was made face to face. Reviewing the sufficiency of the evidence in the light most favorable to the prosecution, we find any rational trier of fact could have found the essential elements of the crime of Offering and/or Soliciting Sexual Conduct with a Minor by Use of Technology beyond a reasonable doubt. *See Rutan v. State*, 2009 OK CR 3, ¶ 49, 202 P.3d 839, 849 *citing Easlick v. State*, 2004 OK CR 21, ¶ 15, 90 P.3d 556, 559; *Spuehler v. State*, 1985 OK CR 132, ¶ 7, 709 P.2d 202, 203-204.

¶ 10 In Proposition II, Appellant challenges the admission at trial of the preliminary hearing testimony of Mr. Burwell. Relying on 12 O.S.2011, § 2804(B) and *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004) Appellant argues that the use of the preliminary hearing testimony denied his rights of confrontation as the criminal charge against him changed from the time of Preliminary Hearing to the time of trial and therefore he did not have a similar motive as required by § 2804(B)(1) in cross-examination.

¶ 11 Appellant was originally charged with Attempting to Obtain Money under False Pretenses under 21 O.S.2011, §§ 1541.1, 1541.2. A preliminary hearing was held for that charge. Samuel Burwell testified for the State, and was cross-examined by defense counsel. After the hearing, the State dismissed the Attempting to Obtain Money under False Pretenses charge and re-filed the case under 21 O.S.2011, § 1040.13a, Offering and/or Soliciting Sexual Conduct with a Minor by Use of Technology. A preliminary hearing was held on that charge. Burwell was subpoenaed to testify but could not be located. Based on the testimony of Officer Harbuck of the Oklahoma City Police Department, Appellant was bound over for trial. Burwell was subpoenaed to testify at trial, but again could not be located.

¶ 12 On the first day of trial, the State filed a *Motion to Declare Witness Unavailable and Use Preliminary Hearing Transcript.* Attached to the motion was an email authored by an investigator with the Oklahoma County District Attorney's Office which detailed the investigative steps taken in the attempt to locate and serve Burwell a subpoena. Defense counsel objected to the use of Burwell's testimony. After hearing argument from both sides, the court granted the State's

motion and allowed Burwell's preliminary hearing testimony to be read at trial.

¶ 13 As Appellant raised a timely objection to the use of Burwell's preliminary hearing testimony, our review is for an abuse of discretion. *Mathis v. State*, 2012 OK CR 1, ¶ 20, 271 P.3d 67, 75. An abuse of discretion is a conclusion or judgment that is clearly against the logic and effect of the facts presented. *Pullen v. State*, 2016 OK CR 18, ¶ 4, 387 P.3d 922.

¶ 14 "*Crawford* [v. Washington] emphasized that a defendant's right to cross-examine the witnesses against him is the centerpiece of the Sixth Amendment's confrontation right." *Mathis*, 2012 OK CR 1, ¶ 19, 271 P.3d at 75. "And the use of preliminary hearing testimony in a criminal trial is the kind of 'testimonial hearsay' that *Crawford* recognized as being subject to two fundamental Sixth Amendment requirements: (1) the witness must be unavailable, and (2) the defendant must have had a prior opportunity to cross-examine the witness." *Id.*

¶ 15 Here, Appellant only challenges the trial court's determination that the defense had an adequate opportunity to cross-examine Burwell at the preliminary hearing. At the preliminary hearing on the charge of Attempting to Obtain Money by False Pretenses, Burwell testified to the facts of the offense, which did not change although the criminal charge did change. Burwell testified that Appellant approached him and showed him the picture on his cell phone of a scantily clad young female. Burwell said he had not previously met Appellant. Burwell testified that Appellant told him the girl in the picture was 14 years old, that her parents had left her with him and asked if Burwell wanted the girl. Burwell testified that he thought the girl looked to be about 14 or 15 years old and that he took Appellant's offer to mean did he want to have sex with the girl. Burwell said Appellant wrote his phone number on a piece of paper and handed it to him, telling Burwell to call him and they would talk about it. Burwell said he threw the paper with the phone number on it into the street.

¶ 16 Burwell further testified he saw Appellant approximately two weeks later at his job at Taco Bueno. He said Appellant drove through the restaurant's drive-thru lane and showed him the picture again, gave him his phone number and again asked if Burwell wanted the girl. When Burwell said no, Appellant showed him other pictures and asked if he wanted to buy the girl. Burwell said he understood Appellant to be offering the girl for sex and that Appellant mentioned $600.00. Burwell told his manager about the situation and they devised a plan to get Appellant's tag number the next time he came through and call police.

¶ 17 On cross-examination, defense counsel, who also represented Appellant at trial, asked Burwell how many times he had met Appellant and what he thought about Appellant's offers. Counsel inquired whether Burwell believed the girl in the picture was real and whether he believed Appellant's offer. Defense counsel also asked whether it was true that Appellant had brought Burwell cigarettes (Burwell denied that Appellant had given him cigarettes) and whether Appellant asked him for a specific amount of money (Burwell said Appellant never asked him for a specific amount of money). On re-cross examination, defense counsel asked if Appellant ever specifically made plans to accept money from Burwell.

¶ 18 "The United States Supreme Court has held that, when a defendant is provided an opportunity to cross examine the witness and avails himself of that opportunity at a prior hearing, the confrontation clause is satisfied and a transcript of the prior hearing is admissible." *Stouffer v. State*, 2006 OK CR 46, ¶ 85, 147 P.3d 245, 266 *citing Crawford*, 541 U.S. at 68, 124 S.Ct. at 1374. Based upon the record in the present case, defense counsel not only had a sufficient opportunity to question Burwell at the preliminary hearing, but took full advantage of that opportunity to question Burwell with a motive similar to that which would have been used at trial. Burwell's testimony is not the sort that could reasonably be expected to change in any significant respect between the time of preliminary hearing and trial. *See Mathis*, 2012 OK CR 1, ¶ 23, 271 P.3d at 76. Counsel

adequately attempted to discredit Burwell and refute his claim that Appellant was attempting to sell a 14 year old for sex. While certain issues might have been further developed at trial, defense counsel had ample opportunity to develop and challenge Burwell's testimony about the central facts of what happened—which did not change—as well as Burwell's credibility and potential bias. *See Thompson v. State,* 2007 OK CR 38, ¶ 22, 169 P.3d 1198, 1205-1206.

¶ 19 Based upon the foregoing, the trial court did not abuse its discretion by declaring Burwell unavailable and allowing his preliminary hearing testimony to be read at trial. As we find the preliminary hearing testimony was properly presented at trial, it is not necessary to address the second part of Appellant's argument regarding the sufficiency of the evidence if we had found the preliminary hearing testimony improperly admitted.

¶ 20 In Proposition III, Appellant challenges the trial court's admission of evidence that he was a teacher in the Oklahoma City Public School System and that in a locked bedroom in his home, police found items of a sexual nature. The introduction of this evidence was met with timely objections by the defense. Therefore, our review is for an abuse of discretion. *Neloms v. State,* 2012 OK CR 7, ¶ 25, 274 P.3d 161, 167.

¶ 21 Appellant's position as an elementary school teacher employed by the Oklahoma City Public School System came to light as the State set out the investigative steps taken by police in locating and ultimately apprehending Appellant. In that respect, the evidence was relevant as it made it more probable that officers had the correct address and the actual person making the illegal offers. 12 O.S.2011, §§ 2401, 2403. Was the evidence more prejudicial than probative? Evidence that the defendant was an elementary school teacher, when the criminal charge was soliciting sexual conduct with a minor by use of technology and the minor in the picture was not identified as having any connection to Appellant's teaching position, was fairly prejudicial. Admitting evidence that is more prejudicial than probative is subject to a harmless error analysis. *See*

*Robinson v. State,* 2011 OK CR 15, ¶ 4, 255 P.3d 425, 428. In light of the evidence of Appellant's admission of the charged offense and other strong evidence of guilt, we have no "grave doubts" that admission of the prejudicial evidence had a substantial influence on the verdict. *See Simpson v. State,* 1994 OK CR 40, ¶ 36, 876 P.2d 690, 702.

¶ 22 In a locked bedroom in Appellant's home, police found what they described as a "single mattress on the floor", "miscellaneous condoms, used and new, [and] sexual lubricant." Appellant told police the items were from guests he invited over and had sex with. This evidence has minimal relevance to the charged offense. However, as with the evidence that Appellant was a teacher, any error in admitting this evidence was harmless in light of the strong evidence of Appellant's guilt and we have no "grave doubts" that admission of the prejudicial evidence had a substantial influence on the verdict.

¶ 23 In the last portion of this proposition, Appellant raises a challenge to the prosecutor's comments in closing argument which he claims encouraged the jury to find him guilty so he would have to register as a sex offender. Under Rule 3.5(A)(5), *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch. 18, App. (2017), each proposition of error shall be set out separately. The failure to follow this rule waives consideration of the issue on appeal. *See Cuesta-Rodriguez v. State,* 2011 OK CR 4, ¶ 12, 247 P.3d 1192, 1197. Appellant's failure to raise the claim of prosecutorial misconduct as a separate proposition has waived it for appellate review.

¶ 24 Accordingly, this appeal is denied.

### DECISION

¶ 25 The **JUDGMENT** and **SENTENCE** is **AFFIRMED.** Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch. 18, App. (2017), the **MANDATE** is **ORDERED** issued upon the delivery and filing of this decision.

LEWIS, V.P.J. Concur

JOHNSON, J.: Not participating

HUDSON, J.: Concur