Robert GALINDO, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–77–398.

Court of Criminal Appeals of Oklahoma.

Jan. 23, 1978.

Thomas B. Webb, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Charles S. Rogers, Legal Intern, for appellee.

OPINION

BUSSEY, Presiding Judge:

The appellant, Robert Galindo, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Pittsburg County, Case No. CRF–76–206, for the offense of Kidnapping to-wit: one Kerry Lee Hyden, nine-year-old daughter of the defendant's ex-wife, in violation of 21 O.S.1971, § 741. He was tried by a jury and convicted; and said convic-

tion being subsequent to a prior felony conviction, the jury in a bifurcated proceeding sentenced the defendant to twenty-six (26) years' imprisonment. From said judgment and sentence a timely appeal has been perfected to this Court.

 Since this case must be reversed and remanded for a new trial we deem it unnecessary to set forth the facts. The defendant argues that the State committed reversible error by introducing testimony of the victim's mother that three months prior to the alleged kidnapping for which he was on trial, the defendant had admitted having twice had sexual relations with a fourteen-year-old girl. The defendant further complains that he was prejudiced in his fundamental rights when the victim's mother and sister were permitted to testify that the defendant had attempted to have sexual relations with the sister, again, three months prior to the incident out of which the present charge arose.

 We agree with the defendant's arguments. The rule is well established that when an accused is put on trial for one offense he or she is to be convicted, if at all, by evidence which establishes guilt for that offense alone, and proof of guilt of offenses not connected with that for which he or she is on trial must be excluded. *Rea v. State*, 3 Okl.Cr. 269, 105 P. 381 (1909); and *Gray v. State*, Okl.Cr., 527 P.2d 338 (1974). There are five recognized exceptions to this rule, whereby evidence of other crimes may be admitted if it is material and proper to show: one, motive; two, intent; three, absence of mistake or accident; four, identity of the person charged with the commission of the crime for which the accused is on trial; and five, common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other. *Roulston v. State*, Okl.Cr., 307 P.2d 861 (1957); and *Hogan v. State*, Okl.Cr., 530 P.2d 1026 (1975).

We have repeatedly held that these exceptions are to be used with the utmost caution, and that when there is any doubt it is to be resolved in favor of the defendant.

*Byers v. State*, 78 Okl.Cr. 267, 147 P.2d 185 (1944); and *Cornelius v. State*, Okl.Cr., 438 P.2d 295 (1968). In considering this issue in *Roulston*, supra, we cited with approval *State v. Gregory*, 191 S.C. 212, 4 S.E.2d 1 (1939). In that case the South Carolina Supreme Court quoted the following language from its own earlier opinion in *State v. Lyle*, 125 S.C. 406, 118 S.E. 803 (1923):

"Whether evidence of other distinct crimes properly falls within any of the recognized exceptions noted is often a difficult matter to determine. The acid test is its logical relevancy to the particular excepted purpose or purposes for which it is sought to be introduced. If it is logically pertinent in that it reasonably tends to prove a material fact in issue, it is not to be rejected merely because it incidentally proves the defendant guilty of another crime. But the dangerous tendency and misleading probative force of this class of evidence require that its admission should be subjected by the courts to rigid scrutiny. Whether the requisite degree of relevancy exists is a judicial question to be resolved in the light of the consideration that the inevitable tendency of such evidence is to raise a legally spurious presumption of guilt in the minds of the jurors. Hence, if the court does not clearly perceive the connection between the extraneous criminal transaction and the crime charged, that is, its logical relevancy, the accused should be given the benefit of the doubt, and the evidence should be rejected." [Citations omitted].

The evidence of other crimes in this case was not admissible under any of the exceptions to the general rule as set forth in *Roulston*, supra. And for that reason the judgment and sentence appealed from is REVERSED AND REMANDED FOR A NEW TRIAL CONSISTENT WITH THIS OPINION.

CORNISH and BRETT, JJ., concur.