KIRKWOOD v. STATE



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:KIRKWOOD v. STATE

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 KIRKWOOD v. STATE
2018 OK CR 9
Case Number: F-2016-481
Decided: 04/12/2018
AUSTIN LEE KIRKWOOD, SR, Appellant v. THE STATE OF OKLAHOMA, Appellee.
Cite as: 2018 OK CR 9, __ __

 

 




SUMMARY OPINION



HUDSON, JUDGE:


¶1 Appellant, Austin Lee Kirkwood, Sr., was tried by a jury and convicted in Tulsa County District Court, Case No. CF-2015-1911, for the crime of Child Abuse by Injury in violation of 21 O.S.Supp.2014, § 843.5(A). The jury recommended a sentence of twelve (12) years imprisonment. The Honorable Kelly Greenough, District Judge, sentenced Kirkwood in accordance with the jury's verdict.[1] Kirkwood was also ordered to pay various costs and fees. Kirkwood now appeals, raising two (2) propositions of error before this Court:

I. THE ADMISSION OF IMPROPER CHARACTER EVIDENCE AND EVIDENCE OF "BAD ACTS" DEPRIVED MR. KIRKWOOD OF THE RIGHT TO A FAIR TRIAL; and

II. ALTERNATIVELY, THE TRIAL COURT'S DECISION TO ADMIT THE EVIDENCE DISCUSSED IN PROPOSITION I FOR ANY REASON RELATED TO BURKS WITHOUT REQUIRING THE STATE TO SPECIFY WHICH EXCEPTION THAT EVIDENCE APPLIED TO WAS A MISAPPLICATION OF THE LAW.

¶2 After thorough consideration of the entire record before us on appeal, including the original record, transcripts, exhibits and the parties' briefs, we find that no relief is required under the law and evidence. Appellant's Judgment and Sentence is therefore AFFIRMED.

I.

¶3 Appellant contends that the trial court abused its discretion by allowing evidence of prior bad acts to be admitted at trial. Appellant's claim primarily centers on the introduction of evidence relating to a violent domestic incident that occurred between Appellant and the victim's mother in September of 2015--approximately eight months after the charged offense.[2] "This Court reviews a trial court's decision to allow introduction of evidence of other crimes for an abuse of discretion." Neloms v. State, 2012 OK CR 7, ¶ 12, 274 P.3d 161, 164. "An abuse of discretion has been defined as a conclusion or judgment that is clearly against the logic and effect of the facts presented." Pullen v. State, 2016 OK CR 18, ¶ 4, 387 P.3d 922, 925.

¶4 On March 9, 2016, the State provided written notice of its intention to offer evidence of other crimes pursuant to 12 O.S.2011, § 2404(B) and related case law. Therein, the State sought to introduce, inter alia, evidence about a domestic altercation between Appellant and Ledbetter that occurred in September of 2015. During this clash, Appellant's violent behavior included choking Ledbetter, punching her multiple times in the head, dragging her by her hair, and stomping on her. An in camera hearing was conducted on April 5, 2016--the day before Appellant's trial commenced. During the hearing, the prosecutor argued the evidence was being offered "to show a lack of accident or mistake" in response to Appellant's defense "that this was all an accident, this wasn't forceful". At the conclusion of the hearing, the trial court granted the State's request to present this evidence. The trial court determined this evidence was relevant and admissible to show lack of accident or mistake.[3]

¶5 Evidence of other crimes may be admissible to establish specific things, including absence of mistake or accident--the purpose for which the evidence was admitted in this case. 12 O.S.2011, § 2404(B); Marshall v. State, 2010 OK CR 8, ¶ 38, 232 P.3d 467, 477; Lott v. State, 2004 OK CR 27, ¶ 40, 98 P.3d 318, 334. Evidence of other crimes must be (a) probative of a disputed issue of the charged crime; (b) there must be a visible connection between the crimes; (c) the evidence must be necessary to support the State's burden of proof; (d) proof of the evidence must be clear and convincing; (e) the probative value of the evidence must outweigh its prejudicial effect; and (f) the trial court must instruct jurors on the limited use of the testimony at the time it is given and during final instructions. Marshall, 2010 OK CR 8, ¶ 38, 232 P.3d at 477.

 

¶6 We evaluate the challenged other crimes evidence in the current case under these requirements. At trial, the challenged evidence was chiefly introduced through the testimony of Brittany Ledbetter, the mother of the infant victim, A.J. The trial court instructed the jurors on the limited use of this testimony at the time the testimony was given and during the court's final charge. Notably, even though Appellant challenged this evidence during the pre-trial hearing on its admissibility, Appellant failed to timely or specifically renew his objection to this evidence at trial. Appellant has thus waived all but plain error of this claim. Lowery v. State, 2008 OK CR 26, ¶ 9, 192 P.3d 1264, 1268. "Under the plain error test, an appellant must show an actual error, that is plain or obvious, affecting his substantial rights." Baird v. State, 2017 OK CR 16, ¶ 25, 400 P.3d 875, 883. This Court will only correct plain error if the error seriously affects the fairness, integrity or public reputation of the judicial proceedings or otherwise represents a miscarriage of justice. Id.; Stewart v. State, 2016 OK CR 9, ¶ 12, 372 P.3d 508, 511. Appellant fails to show actual or obvious error.

¶7 The principal issue in this case was whether Appellant accidentally hurt A.J., or if he willfully or maliciously injured A.J. as the State contended. 21 O.S.Supp.2014, § 843.5(A); OUJI-CR (2d) 4-35A (Supp. 2012); Cf. Fairchild v. State, 1999 OK CR 49, ¶ 47, 998 P.2d 611, 622 (stating that child abuse murder is a general intent crime requiring, at a minimum, that the State prove the defendant "willfully" injured or willfully used unreasonable force against a minor child). The challenged evidence was probative of this disputed issue and was necessary to support the State's burden of proof, i.e., that Appellant acted willfully or willfully used unreasonable force when he injured A.J. The evidence demonstrated that Appellant had purposefully been physically aggressive and violent with another member of his household--a loved one--and countered Appellant's claim of accident or mistake.[4]

¶8 Moreover, contrary to Appellant's assertion on appeal,[5] we find the probative value of the challenged evidence was not substantially outweighed by the danger of unfair prejudice. "When balancing the relevancy of evidence against its prejudicial effect, the trial court should give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value." Welch v. State, 2000 OK CR 8, ¶ 14, 2 P.3d 356, 367. That Appellant caused A.J.'s injuries was for the most part uncontroverted. Whether Appellant accidentally injured A.J. or "willfully and maliciously" injured A.J. was the pivotal issue. The challenged evidence was relevant to counter Appellant's claim of accidental or mistaken injury and was properly admitted pursuant to 12 O.S.2011, § 2404(B) for this purpose, i.e., to discredit Appellant's defense as opposed to proving action in conformity with his past character. See Cole v. State, 2007 OK CR 27, ¶ 23 n.5, 164 P.3d 1089, 1102 n.5 (evidence of prior crimes was admitted "more as a matter of discrediting a defense than proving action in conformity with past character.").

 

¶9 Thus, under the circumstances presented in this case, the probative value of the challenged evidence clearly outweighed its prejudicial effect and was necessary to support the State's burden of proof. Appellant has failed to demonstrate the trial court abused its discretion, i.e., took "an unreasonable or arbitrary action . . . without proper consideration of the facts and law pertaining to the matter at issue." Neloms, 2012 OK CR 7, ¶ 35, 274 P.3d at 170. And, for the reasons discussed above, admission of the challenged evidence "did not result in a miscarriage of justice or constitute a substantial violation of a constitutional or statutory right." Welch, 2000 OK CR 8, ¶ 10, 2 P.3d at 366. Appellant's first proposition of error is denied.

II.

¶10 Appellant argues error occurred when both the State and trial court failed to specify the exception under which the proffered other crimes evidence was admissible. As noted in Proposition I, Appellant failed to timely object to the admission of the challenged evidence at trial. Moreover, the record provided on appeal does not show that Appellant objected to the State's Burk's[6] notice or to the trial court's limiting instructions on this ground. Appellant has therefore waived all but plain error review of this claim. Lowery, 2008 OK CR 26, ¶ 9, 192 P.3d at 1268; Welch, 2000 OK CR 8, ¶ 9, 2 P.3d at 365. No such error occurred.

¶11 In Welch, 2000 OK CR 8, ¶ 9, 2 P.3d at 366, this Court reminded both trial judges and prosecutors of "the importance of delineating the exception and purpose for which other crimes evidence is being offered." The Court instructed that "[s]pecific rulings ensure fairness to the accused as well as facilitate expedient review of claims contesting admission of other crimes evidence." Id. The record in the present case shows Appellant was adequately apprised of the State's intent to introduce the other crimes evidence specifically to counter Appellant's claim of accident or mistake. Moreover, given the evidence presented against Appellant coupled with his own trial testimony, we find the trial court's limiting instruction does not amount to plain error. Id. Appellant's final proposition is denied.

DECISION

¶12 The judgment and sentence of the District Court is AFFIRMED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2018), the MANDATE is ORDERED issued upon delivery and filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF TULSA COUNTY
THE HONORABLE KELLY GREENOUGH, DISTRICT JUDGE

 


 
 
 APPEARANCES AT TRIAL
 APPEARANCES ON APPEAL
 
 
 STEVEN VINCENT
 ATTORNEY AT LAW
 403 SOUTH CHEYENNE AVE.
 TULSA, OK 74103
 COUNSEL FOR DEFENDANT
 NEILSON LEA
 P. O. BOX 926
 NORMAN, OK 73070
 COUNSEL FOR APPELLANT
 
 
 SARAH McAMIS
 TANYA WILSON
 ASSISTANT DISTRICT ATTORNEYS
 500 SOUTH DENVER, SUITE 900
 TULSA, OK 74103
 COUNSEL FOR THE STATE
 MIKE HUNTER
 OKLAHOMA ATTORNEY GENERAL
 JENNIFER B. WELCH
 ASSISTANT ATTORNEY GENERAL
 313 N.E. 21ST STREET
 OKLAHOMA CITY, OK 73105
 COUNSEL FOR APPELLEE
 
 


 

 


OPINION BY: HUDSON, J.
LUMPKIN, P.J.: CONCUR 
LEWIS, V.P.J.: CONCUR IN RESULTS 
KUEHN, J.: CONCUR 
ROWLAND, J.: CONCUR 



FOOTNOTES


[1] Under 21 O.S.Supp.2014, § 13.1, Kirkwood must serve 85% of the sentence imposed before he is eligible for parole.



[2] Appellant additionally references the following evidence introduced through Ledbetter--that Ledbetter became pregnant by Appellant six months after their relationship began; that the couple moved in together after less than one year; that the couple broke up multiple times; that Appellant had been sexually unfaithful; and that Ledbetter sought a protective order against Appellant following the September 2015 domestic incident. Appellant asserts in passing this evidence was not proffered for any proper purpose, but was merely introduced to portray him as a bad person in the eyes of the jury. Appellant's claim relating to this evidence is so inadequately developed on appeal as to be waived from appellate review. Rule 3.5(C), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2018).



[3] The trial court initially made a general finding that the evidence was admissible pursuant to 12 O.S.2011, § 2404(B), ruling "I will grant your request as to proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident." However, when subsequently pressed by defense counsel for a more specific ruling, the trial court clarified its ruling stating the evidence was "most appropriate" to show "absence of mistake or accident". The court further explained, "[T]he law allows the use of other crimes, wrongs, or acts for any of those purposes. So I will allow it for any of those purposes, not to show an act--it's not admissible to prove the character of a person in order to show action and conformity."



[4] This fact refutes Judge Lewis' complaint that there is no visible connection between the charged offense and this incident of domestic abuse against the victim's mother. Judge Lewis discounts the familial dynamics in which both incidents arose. The familial relationship itself tempers the eight month separation. This is not a case where, as Judge Lewis contends, the State was clearly attempting to show that Appellant had a propensity toward violence. Rather, the evidence was merely offered up for the limited purpose of showing absence of mistake or accident.



[5] Appellant directs this Court's attention to several specific instances in the record where the State posed questions regarding the September 2015 domestic dispute. Appellant argues the prosecutor's questioning on these occasions and the resulting testimony demonstrate the State's "true intent" for introducing the challenged evidence was to show Appellant is both a "bad person and bad father."



[6] Burks v. State, 1979 OK CR 10, 594 P.2d 771, overruled in part on other grounds, Jones v. State, 1989 OK CR 7, 772 P.2d 922.




 


 



LEWIS, V.P.J., CONCURS IN RESULTS: 


¶1 I agree that the result reached by the majority in this case is correct. I disagree, however, that the correct analysis is used to reach that result. Section 2404 of the Evidence Code does not limit evidence of other crimes, wrongs, or acts to those incidents which occur prior to the crime for which a person is charged. See Welch v. State, 2000 OK CR 8, ¶¶ 13-15, 2 P.3d 356, 367 (holding post crime acts were admissible to show that an appellant's mode of operation was so unusual and distinctive that the acts constituted a signature).

¶2 In the present case, post crime evidence is used to show that Appellant's actions against his seven week old child were not accidental. In doing so, the State utilizes evidence that he was intentionally violent with the mother of the child some eight months after the child was taken into protective custody. No contemporaneous objection was made to this evidence, so this Court can only review for plain error. See Hancock v. State, 2007 OK CR 9, ¶ 72, 155 P.3d 796, 813 (holding that contemporaneous objections must be made at the time the alleged error is being committed). Here, the Opinion concludes that there is no plain error because no actual or obvious error occurred in the introduction of the evidence.

¶3 Exceptions found in § 2404B are to be used with caution. Galindo v. State, 1978 OK CR 4, ¶ 4, 573 P.2d 1217, 1218. This caution is necessary to avoid problems of painting a defendant with the broad brush of propensity. Here, the State was clearly attempting to show that Appellant had a propensity toward violence. Admittedly, Appellant injured the child and he claimed that the injuries were not malicious but were caused by his inexperience with infants.

¶4 To be admissible, "there must be a visible connection between the crimes, evidence of the other crime(s) must be necessary to support the State's burden of proof . . . [and] the probative value of the evidence must outweigh the prejudice to the accused . . . . When other crimes evidence is so prejudicial it denies a defendant his right to be tried only for the offense charged . . . the evidence should be suppressed." Marshall v. State, 2010 OK CR 8, ¶ 38, 232 P.3d 467, 477. Had this other crime occurred against a child within a reasonable time period, I might concur with its admission because there would be some connection between the two crimes. See Cole v. State, 2007 OK CR 27, ¶ 25, 164 P.3d 1089, 1096. In this case, however, I would hold that the separate crime has no logical connection to the crime charged and that the admission of this "other crimes evidence" constituted error. This constituted improper evidence of Appellant's character or trait of character to show action in conformity therewith under § 2404.

¶5 Naturally, the finding of error does not end the inquiry under the plain error review. An appellant must show that the error affected his substantial rights, meaning that the error affected the outcome of the proceeding. Daniels v. State, 2016 OK CR 2, ¶ 3, 369 P.3d 381, 383. I would find that the introduction of this other crimes evidence did not affect the outcome of this proceeding. Evidence of the crime was overwhelming. The judgment and the sentence imposed were not influenced by the introduction of the other crimes evidence, thus I would concur in the result reached by the Court in affirming the Judgment and Sentence, but would do so under a different analysis.








 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1989 OK CR 7, 772 P.2d 922, JONES v. STATE
Discussed
 1978 OK CR 4, 573 P.2d 1217, GALINDO v. STATE
Discussed
 1979 OK CR 10, 594 P.2d 771, BURKS v. STATE
Discussed
 2004 OK CR 27, 98 P.3d 318, LOTT v. STATE
Discussed
 2007 OK CR 9, 155 P.3d 796, HANCOCK v. STATE
Discussed
 2007 OK CR 27, 164 P.3d 1089, COLE v. STATE
Discussed at Length
 2008 OK CR 26, 192 P.3d 1264, LOWERY v. STATE
Discussed at Length
 2010 OK CR 8, 232 P.3d 467, MARSHALL v. STATE
Discussed at Length
 2012 OK CR 7, 274 P.3d 161, NELOMS v. STATE
Discussed at Length
 2016 OK CR 2, 369 P.3d 381, DANIELS v. STATE
Discussed
 2016 OK CR 9, 372 P.3d 508, STEWART v. STATE
Discussed
 2016 OK CR 18, 387 P.3d 922, PULLEN v. STATE
Discussed
 2017 OK CR 16, 400 P.3d 875, BAIRD v. STATE
Discussed
 1999 OK CR 49, 998 P.2d 611, Fairchild v. State
Discussed
 2000 OK CR 8, 2 P.3d 356, 71 OBJ 989, Welch v. State
Discussed at Length
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 2404, Character Evidence Not Admissible to Prove Conduct - Exceptions - Other Crimes
Discussed at Length
Title 21. Crimes and Punishments
 Cite
Name
Level

 21 O.S. 13.1, Required Service of Minimum Percentage of Sentence - Offenses Specified
Cited
 21 O.S. 843.5, Abuse, Neglect, Exploitation, or Sexual Abuse of Child - Penalties
Discussed


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA