VANCE v. STATE
2022 OK CR 25
Case Number: F-2021-391
Decided: 10/06/2022
MALIK OMAR VANCE, Appellant v. THE STATE OF OKLAHOMA, Appellee
Cite as: 2022 OK CR 25, __ __

 

OPINION
MUSSEMAN, JUDGE:
¶1 Appellant, Malik Omar Vance, was tried by a jury in the District Court of Tulsa County, Case No. CF-2018-3829, and convicted of Rape in the First Degree in violation of (A). The Honorable Sharon Holmes, District Judge, presided over Vance's jury trial and sentenced him, in accordance with the jury's verdict, to thirteen years imprisonment, and suspended the sentence in its entirety, supervised by the Department of Corrections. Vance appeals raising the following issues:
I. whether the trial court erred in permitting the state to introduce evidence of other bad acts pursuant to (B) and ;
II. whether several instances of prosecutorial misconduct deprived Appellant of a fair trial in violation of the Fourteenth Amendment to the United States Constitution;
III. whether there was insufficient evidence to prove the third element of rape in the first degree;
IV. whether the trial court erred in admitting the hearsay statements of the SANE nurse in support of the alleged victim as being both cumulative and hearsay; and
V. whether cumulative error deprived Appellant of a fair trial. 
¶2 We affirm the Judgment and Sentence of the district court.
BACKGROUND
¶3 On the evening of October 20, 2017, M.P. went to Appellant's apartment and joined Appellant and other friends playing games and drinking. A.L, Appellant's girlfriend who also lived in the apartment, went to sleep before the other guests left or went to sleep. After a few hours, in the early morning of October 21, 2017, M.P. went to sleep alone in the spare bedroom of Appellant's apartment because she did not feel comfortable driving home after drinking. M.P. was wearing leggings when she went to sleep. When M.P. awoke, she was no longer wearing her leggings or underwear and Appellant's penis was inside her vagina. M.P. testified that when Appellant asked her if she liked what he was doing, she responded "no." M.P. also testified that she tried to move her body to get away but could not do so. M.P. testified that after Appellant "finished" and left the room, she gathered herself, got dressed, and left the apartment. M.P. went to the hospital, reported the event to law enforcement, and completed a SANE exam. M.P. texted A.L. after leaving the apartment and informed A.L. that she had woken up to Appellant penetrating her. The SANE examination results confirmed Appellant's sexual intercourse with M.P.
DISCUSSION
I.
¶4 In Proposition I, Appellant argues that the trial court improperly admitted prejudicial evidence of prior bad acts. Appellant's objection was preserved during trial; therefore, the claim will be reviewed for an abuse of discretion by the trial court.
¶5 An abuse of discretion is a clearly erroneous conclusion and judgment, contrary to the logic and effect of the facts presented. Pullen v. State, , ¶ 4, , 925; Neloms v. State, , ¶ 35, , 170. The trial court is given considerable deference in deciding to admit or exclude evidence and we will not disturb the trial court's decision absent an abuse of discretion. Pavatt v. State, , ¶ 42, , 286. "[T]his Court may sustain the admission of hearsay on a different theory, so long as the alternative basis for admission finds support in the record." McClendon v. State, , ¶ 7, , 951.
¶6 Title 12, Section 2404(B) allows evidence of other crimes, wrongs, or acts for the limited purpose of proving motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident. Additionally,
[e]vidence of other crimes must be (a) probative of a disputed issue of the charged crime; (b) there must be a visible connection between the crimes; (c) the evidence must be necessary to support the State's burden of proof; (d) proof of the evidence must be clear and convincing; (e) the probative value of the evidence must outweigh its prejudicial effect; and (f) the trial court must instruct jurors on the limited use of the testimony at the time it is given and during final instructions.
Kirkwood v. State, , ¶ 5, , 316 (citing Marshall v. State, , ¶ 38, , 477). Section 2413 of Title 12 of the Oklahoma Statutes also allows evidence of another sexual assault to be admitted to be considered for its bearing on any matter to which it is relevant. Section 2413(B) requires only that the state "disclose the evidence to the defendant, including statements of witnesses or a summary of the substance of any testimony that is expected to be offered, at least fifteen (15) days before the scheduled date of trial." .
¶7 When the State seeks to introduce evidence pursuant to Section 2404, of a crime other than the one charged, it must comply with the procedures in Burks v. State, , ¶¶ 12-18, , 774-75, overruled in part on other grounds, Jones v. State, , . The party opposing the admission of evidence has the burden to show it is substantially more prejudicial than probative. Welch v. State, , ¶ 14, , 367. When the state seeks to introduce sexual propensity evidence pursuant to Section 2413, the State must notify the defense at least fifteen (15) days before the trial, and the evidence is subject to the balancing test for all relevant evidence--whether its probative value is substantially outweighed by its prejudicial effect. See Horn v. State, , ¶ 27, ¶ 40, , 784, 786.
¶8 A.L. testified at trial that she had a similar encounter to the charged offense with Vance when she was 16 years old. She testified that after a night of drinking, she went to sleep alone, and woke up to Vance touching her. She testified that she was in and out of consciousness while oral sex and sexual intercourse occurred. She testified that at the time she did not fully understand what occurred and she entered into a dating relationship with Vance because she did not want to have had "casual sex" with someone. She testified that after going through therapy, her perception of the event changed, and she realized that she had been sexually assaulted by Vance.
¶9 Here, the testimony of A.L. was clearly propensity evidence and the trial court should have determined admissibility of the testimony pursuant to Section 2413, through review of the relevance of propensity factors set out in Horn. We said in Horn that
trial courts should consider, but not be limited to the following factors: 1) how clearly the prior act has been proved; 2) how probative the evidence is of the material fact it is admitted to prove; 3) how seriously disputed the material fact is; and 4) whether the government can avail itself of any less prejudicial evidence. When analyzing the dangers that admission of propensity evidence poses, the trial court should consider: 1) how likely is it such evidence will contribute to an improperly-based jury verdict; and 2) the extent to which such evidence will distract the jury from the central issues of the trial. . . . Any other matter which the trial court finds relevant may be considered. In particular, as proof of the prior act may largely rest upon testimony of the victim of that prior act, the credibility of that individual would be a factor for the court's consideration. Further, the propensity evidence must be established by clear and convincing evidence. If the defense raises an objection to the admission of the propensity evidence, the trial court should hold a hearing, preferably pre-trial, and make a record of its findings as to the factors set forth above.
Horn, , ¶ 40, 204 P.3d at 786 (footnotes and internal citations omitted).
¶10 The testimony of A.L. was evidence of Appellant's commission of another offense of sexual assault and the trial court should have first considered its admissibility as sexual propensity evidence pursuant to Section 2413. However, the evidence was admitted under Section 2404 to show Vance's motive or intent, or to show that Vance did not make a mistake or accident. The record shows the procedures required for admission of the evidence were followed. A review of the sexual propensity evidence in light of the Horn factors would also show that the evidence was more probative than prejudicial. Had the evidence been admitted as propensity evidence, it would have been admitted for its bearing on any matter to which it was relevant.
¶11 Although the trial court did not review the evidence for admission as sexual propensity evidence, the testimony was found admissible under a valid legal theory. Therefore, there was no abuse of discretion by the trial court. Proposition I is denied.
II.
¶12 In Proposition II, Appellant claims he was denied a fair trial due to prosecutorial misconduct during closing arguments. Counsel for Appellant did not object to the alleged misconduct during the closing argument at trial, waiving review for all but plain error.
¶13 Plain error review requires the defendant to prove: 1) the existence of an actual error; 2) that the error is plain or obvious; and 3) that the error affected his substantial rights, meaning the error affected the outcome of the proceeding. Hogan v. State, , ¶ 38, , 923. Even where this showing is made, this Court will correct plain error only where the error seriously affected the fairness, integrity, or public reputation of the judicial proceedings or represented a miscarriage of justice. Id.
¶14 Claims of prosecutorial misconduct are evaluated "within the context of the entire trial, considering not only the propriety of the prosecutor's actions, but also the strength of the evidence against the defendant and the corresponding arguments of defense counsel." Lee v. State, , ¶ 6, , 785. We have also held that the parties have wide latitude to argue the evidence and reasonable inferences from it in their closing arguments. Lamar v. State, , ¶ 54, , 297. This Court in Bramlett v. State, , ¶ 36, , 799-800, provided that "[i]t is the rare instance when a prosecutor's misconduct during closing argument will be found so egregiously detrimental to a defendant's right to a fair trial that reversal is required." The prosecution may also properly respond to the defense theory or to the defense characterization of the State's case. Oliver v. State, , ¶17, __ P.3d __ (citing Taylor v. State, , ¶ 56, , 379; Browning v. State, , ¶ 43, , 841).
¶15 The closing argument was based upon the evidence presented during trial and was in direct response to the defense. There was no error. Proposition II is denied.
III.
¶16 In Proposition III, Appellant claims there was insufficient evidence to prove the third element of Rape in the First Degree.
¶17 The ultimate question of sufficiency of the evidence should be resolved with deference to the fact finder and in a light most favorable to the prevailing party below. Dodd v. State, , ¶ 80, , 1041; see also Spuehler v. State, , ¶ 7, , 203-04 (finding that viewing evidence in light most favorable to the State, a verdict will not be overturned if any rational trier of fact could have found the elements of the crime to exist beyond a reasonable doubt). We also accept all reasonable inferences and credibility choices that tend to support the verdict. Coddington v. State, , ¶ 70, , 456.
¶18 In order to sustain a conviction for first degree rape by force or fear, the State must prove that the accused had sexual intercourse with the victim, who was not his spouse, where force or violence was used or threatened, accompanied by the apparent power to execute the force or threat. (A)(3). "Any sexual penetration, however slight, is sufficient to complete the crime." .
¶19 Viewing the record evidence in the light most favorable to the State, we find a rational trier of fact could have found Appellant guilty of Rape in the First Degree. Proposition III is denied.
IV.
¶20 In Proposition IV, Appellant claims testimony of the SANE nurse was hearsay and cumulative and therefore improperly admitted by the trial court. Appellant specifically claims that the admission of the narrative portion of the SANE exam where M.P. asserted that she said "no" or "stop" was irrelevant to any need for medical care. Counsel for Appellant objected at trial to the question, "And what did [M.P] tell you?" The objection was sustained. The State proceeded to lay a foundation and further testimony was presented without another objection, including the question "[d]id she indicate to you at all throughout this if she struggled or tried to fight back at all?" As no objection was made to the question or responsive testimony regarding the narrative that M.P. said "no" or "stop", this claim will be reviewed for plain error, as set forth above in Proposition II.
¶21 Hearsay is not admissible except as provided by law. See . Hearsay is admissible if it contains statements "made for the purposes of medical diagnosis or treatment describing medical history, past or present symptoms, pain or sensations, if reasonably pertinent to diagnosis and treatment." (4). Testimony is admissible under this section if: 1) the declarant's motive was consistent with receiving medical care; and 2) it was reasonable for the medical professional to rely on the information in diagnosis or treatment. Kennedy v. State, , ¶ 11, , 670; Thompson v. State, , ¶ 11-16, , 377-378. Further, Title provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, needless presentation of cumulative evidence, or unfair and harmful surprise." We have held that "[w]hen measuring the relevancy of evidence against its prejudicial effect, the court should give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value." Harmon v. State, , ¶ 48, , 937 (quoting Mitchell v. State, , ¶ 71, , 657).
¶22 Not all statements made during a SANE examination fall under the narrow exception permitted in Section 2803(4). Statements regarding where the alleged incident occurred or that identify the alleged offender may not fall within the exception. However, statements made regarding where force may have been used or where sexual contact was made could be admissible for purposes of receiving appropriate medical treatment. Appellant argues that the SANE examiner's testimony falls outside this exception. We disagree.
¶23 Here, it was reasonable for the SANE examiner to rely on M.P.'s response to the question regarding whether she struggled or fought back. M.P.'s response was relevant for medical diagnosis or treatment of any potential injuries resulting from a struggle or fight. The witness testified at trial that the question helped guide where she would look for injuries and where to ask if M.P. had pain. In this case, the SANE examiner's testimony regarding the victim's response to whether there was a struggle or fight was reasonably pertinent to diagnosis or treatment, and was therefore admissible.
¶24 Based on this record, we find that M.P.'s specific statements about the force used during the assault were admissible under the medical diagnosis hearsay exception. The probative value of the SANE nurse's testimony was not substantially outweighed by the danger of unfair prejudice and was not unduly cumulative. Accordingly, M.P.'s hearsay statements to the SANE nurse regarding whether force was used during the assault were admissible under the medical treatment hearsay exception. (4). The trial court did not err. Proposition IV is denied.
V.
¶25 In Proposition V, Appellant claims that cumulative error deprived him of a fair trial. "The cumulative error doctrine applies when several errors occurred at the trial court level, but none alone warrants reversal." Tafolia v. State, , ¶ 45, , 1263. Cumulative errors that do not affect the outcome of the proceeding do not deprive the defendant of a fair trial. Id.
¶26 There are no errors to accumulate. Proposition V is denied.
DECISION
¶27 The Judgment and Sentence of the district court is AFFIRMED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2022), the MANDATE is ORDERED issued upon delivery and filing of this decision.
AN APPEAL FROM THE DISTRICT COURT OF TULSA COUNTY
THE HONORABLE SHARON HOLMES, DISTRICT JUDGE

APPEARANCES AT TRIAL
DUSTIN PHILLIPS
ATTORNEY AT LAW
P.O. BOX 721921
OKLAHOMA CITY, OK 73172
COUNSEL FOR DEFENDANT

APPEARANCES ON APPEAL
JOHN M. DUNN
THE LAW OFFICE OF JOHN
M. DUNN, PLLC
616 SOUTH MAIN, SUITE 206
TULSA, OK 74119
COUNSEL FOR APPELLANT

ALISON NUTT
ASSISTANT DISTRICT
ATTORNEY
500 SOUTH DENVER
TULSA, OK 74103
COUNSEL FOR STATE

JOHN M. O'CONNOR
ATTORNEY GENERAL
OF OKLAHOMA
ASHLEY L. WILLIS
ASSISTANT ATTORNEY
GENERAL
313 N.E. 21ST
OKLAHOMA CITY, OK 73105
COUNSEL FOR APPELLEE

OPINION BY: MUSSEMAN, J.
ROWLAND, P.J.: Specially Concur
HUDSON, V.P.J.: Specially Concur
LUMPKIN, J.: Concur
LEWIS, J.: Concur

HUDSON, VICE PRESIDING JUDGE, SPECIALLY CONCUR:
¶1 I concur in today's Opinion but write specially to expand on the disposition of Propositions I and IV. The majority correctly finds in Proposition I that evidence of A.L.'s similar sexual encounter with Vance was admissible pursuant to (B). The Court avers, however, that "the trial court should have determined admissibility of the testimony pursuant to Section 2413[.]" I agree admission of this type of evidence pursuant to Section 2413 is the better practice overall as Section 2413 sexual propensity evidence, unlike Section 2404(B) prior bad acts evidence, "may be considered for its bearing on any matter to which it is relevant." (A). Yet, despite this evidentiary advantage, today's decision should not be construed as limiting the trial court's discretion to admit this type of evidence solely under Section 2413 in light of the plain language in the statute which says: "This rule shall not be construed to limit the admission or consideration of evidence under any other rule." Id., § 2413(C). See also Horn v. State, , ¶ 27, , 784.
¶2 The majority also correctly finds in Proposition IV that no plain error resulted from the admission of the challenged hearsay testimony from the SANE nurse. Pullen v. State, , ¶ 8, , 926 ("Because there is no error, there is no plain error."). At bottom, Nurse Jennifer Curran's question, and M.P.'s response, helped guide Curran's examination of the victim and hone her determination of the victim's treatment needs. Thompson v. State, , ¶ 16, , 378. The probative value of Curran's testimony was not substantially outweighed by the danger of unfair prejudice and was not needlessly cumulative. . The challenged hearsay testimony was thus properly admitted under the medical-diagnosis hearsay exception. See (4).
¶3 I am authorized to state that Presiding Judge Rowland joins in this special writing.