VANCE v. STATE
2022 OK CR 25
Case Number: F-2021-391
Decided: 10/06/2022
MALIK OMAR VANCE, Appellant v. THE STATE OF OKLAHOMA, Appellee
Cite as: 2022 OK CR 25, __ __

 

 

OPINION

MUSSEMAN, JUDGE:

¶1 Appellant, Malik Omar Vance, was tried by a jury in the District Court of Tulsa County, Case No. CF-2018-3829, and convicted of Rape in the First Degree in violation of 21 O.S.Supp.2011, § 1114

I. whether the trial court erred in permitting the state to introduce evidence of other bad acts pursuant to 12 O.S. § 240412 O.S. § 2413

II. whether several instances of prosecutorial misconduct deprived Appellant of a fair trial in violation of the Fourteenth Amendment to the United States Constitution;

III. whether there was insufficient evidence to prove the third element of rape in the first degree;

IV. whether the trial court erred in admitting the hearsay statements of the SANE nurse in support of the alleged victim as being both cumulative and hearsay; and

V. whether cumulative error deprived Appellant of a fair trial.

¶2 We affirm the Judgment and Sentence of the district court.

BACKGROUND

¶3 On the evening of October 20, 2017, M.P. went to Appellant's apartment and joined Appellant and other friends playing games and drinking. A.L, Appellant's girlfriend who also lived in the apartment, went to sleep before the other guests left or went to sleep. After a few hours, in the early morning of October 21, 2017, M.P. went to sleep alone in the spare bedroom of Appellant's apartment because she did not feel comfortable driving home after drinking. M.P. was wearing leggings when she went to sleep. When M.P. awoke, she was no longer wearing her leggings or underwear and Appellant's penis was inside her vagina. M.P. testified that when Appellant asked her if she liked what he was doing, she responded "no." M.P. also testified that she tried to move her body to get away but could not do so. M.P. testified that after Appellant "finished" and left the room, she gathered herself, got dressed, and left the apartment. M.P. went to the hospital, reported the event to law enforcement, and completed a SANE exam. M.P. texted A.L. after leaving the apartment and informed A.L. that she had woken up to Appellant penetrating her. The SANE examination results confirmed Appellant's sexual intercourse with M.P.

DISCUSSION

I.

¶4 In Proposition I, Appellant argues that the trial court improperly admitted prejudicial evidence of prior bad acts. Appellant's objection was preserved during trial; therefore, the claim will be reviewed for an abuse of discretion by the trial court.

¶5 An abuse of discretion is a clearly erroneous conclusion and judgment, contrary to the logic and effect of the facts presented. Pullen v. State, 2016 OK CR 18387 P.3d 922Neloms v. State, 2012 OK CR 7274 P.3d 161Pavatt v. State, 2007 OK CR 19159 P.3d 272McClendon v. State, 1989 OK CR 29777 P.2d 948

¶6 Title 12, Section 2404(B) allows evidence of other crimes, wrongs, or acts for the limited purpose of proving motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident. Additionally,

[e]vidence of other crimes must be (a) probative of a disputed issue of the charged crime; (b) there must be a visible connection between the crimes; (c) the evidence must be necessary to support the State's burden of proof; (d) proof of the evidence must be clear and convincing; (e) the probative value of the evidence must outweigh its prejudicial effect; and (f) the trial court must instruct jurors on the limited use of the testimony at the time it is given and during final instructions.

Kirkwood v. State, 2018 OK CR 9421 P.3d 314 Marshall v. State, 2010 OK CR 8232 P.3d 46712 O.S.2011, § 2413

¶7 When the State seeks to introduce evidence pursuant to Section 2404, of a crime other than the one charged, it must comply with the procedures in Burks v. State, 1979 OK CR 10594 P.2d 771, Jones v. State, 1989 OK CR 7772 P.2d 922Welch v. State, 2000 OK CR 82 P.3d 356See Horn v. State, 2009 OK CR 7204 P.3d 777

¶8 A.L. testified at trial that she had a similar encounter to the charged offense with Vance when she was 16 years old. She testified that after a night of drinking, she went to sleep alone, and woke up to Vance touching her. She testified that she was in and out of consciousness while oral sex and sexual intercourse occurred. She testified that at the time she did not fully understand what occurred and she entered into a dating relationship with Vance because she did not want to have had "casual sex" with someone. She testified that after going through therapy, her perception of the event changed, and she realized that she had been sexually assaulted by Vance.

¶9 Here, the testimony of A.L. was clearly propensity evidence and the trial court should have determined admissibility of the testimony pursuant to Section 2413, through review of the relevance of propensity factors set out in Horn. We said in Horn that

trial courts should consider, but not be limited to the following factors: 1) how clearly the prior act has been proved; 2) how probative the evidence is of the material fact it is admitted to prove; 3) how seriously disputed the material fact is; and 4) whether the government can avail itself of any less prejudicial evidence. When analyzing the dangers that admission of propensity evidence poses, the trial court should consider: 1) how likely is it such evidence will contribute to an improperly-based jury verdict; and 2) the extent to which such evidence will distract the jury from the central issues of the trial. . . . Any other matter which the trial court finds relevant may be considered. In particular, as proof of the prior act may largely rest upon testimony of the victim of that prior act, the credibility of that individual would be a factor for the court's consideration. Further, the propensity evidence must be established by clear and convincing evidence. If the defense raises an objection to the admission of the propensity evidence, the trial court should hold a hearing, preferably pre-trial, and make a record of its findings as to the factors set forth above.

Horn, 2009 OK CR 7

¶10 The testimony of A.L. was evidence of Appellant's commission of another offense of sexual assault and the trial court should have first considered its admissibility as sexual propensity evidence pursuant to Section 2413. However, the evidence was admitted under Section 2404 to show Vance's motive or intent, or to show that Vance did not make a mistake or accident. The record shows the procedures required for admission of the evidence were followed. A review of the sexual propensity evidence in light of the Horn factors would also show that the evidence was more probative than prejudicial. Had the evidence been admitted as propensity evidence, it would have been admitted for its bearing on any matter to which it was relevant.

¶11 Although the trial court did not review the evidence for admission as sexual propensity evidence, the testimony was found admissible under a valid legal theory. Therefore, there was no abuse of discretion by the trial court. Proposition I is denied.

II.

¶12 In Proposition II, Appellant claims he was denied a fair trial due to prosecutorial misconduct during closing arguments. Counsel for Appellant did not object to the alleged misconduct during the closing argument at trial, waiving review for all but plain error.

¶13 Plain error review requires the defendant to prove: 1) the existence of an actual error; 2) that the error is plain or obvious; and 3) that the error affected his substantial rights, meaning the error affected the outcome of the proceeding. Hogan v. State, 2006 OK CR 19139 P.3d 907Id.

¶14 Claims of prosecutorial misconduct are evaluated "within the context of the entire trial, considering not only the propriety of the prosecutor's actions, but also the strength of the evidence against the defendant and the corresponding arguments of defense counsel." Lee v. State, 2018 OK CR 14422 P.3d 782Lamar v. State, 2018 OK CR 8419 P.3d 283Bramlett v. State, 2018 OK CR 19422 P.3d 788Oliver v. State, 2022 OK CR 15Taylor v. State, 2011 OK CR 8248 P.3d 362Browning v. State, 2006 OK CR 8134 P.3d 816

¶15 The closing argument was based upon the evidence presented during trial and was in direct response to the defense. There was no error. Proposition II is denied.

III.

¶16 In Proposition III, Appellant claims there was insufficient evidence to prove the third element of Rape in the First Degree.

¶17 The ultimate question of sufficiency of the evidence should be resolved with deference to the fact finder and in a light most favorable to the prevailing party below. Dodd v. State, 2004 OK CR 31100 P.3d 1017see also Spuehler v. State, 1985 OK CR 132709 P.2d 202Coddington v. State, 2006 OK CR 34142 P.3d 437

¶18 In order to sustain a conviction for first degree rape by force or fear, the State must prove that the accused had sexual intercourse with the victim, who was not his spouse, where force or violence was used or threatened, accompanied by the apparent power to execute the force or threat. 21 O.S.Supp.2017, § 111121 O.S.2011, § 1113

¶19 Viewing the record evidence in the light most favorable to the State, we find a rational trier of fact could have found Appellant guilty of Rape in the First Degree. Proposition III is denied.

IV.

¶20 In Proposition IV, Appellant claims testimony of the SANE nurse was hearsay and cumulative and therefore improperly admitted by the trial court. Appellant specifically claims that the admission of the narrative portion of the SANE exam where M.P. asserted that she said "no" or "stop" was irrelevant to any need for medical care. Counsel for Appellant objected at trial to the question, "And what did [M.P] tell you?" The objection was sustained. The State proceeded to lay a foundation and further testimony was presented without another objection, including the question "[d]id she indicate to you at all throughout this if she struggled or tried to fight back at all?" As no objection was made to the question or responsive testimony regarding the narrative that M.P. said "no" or "stop", this claim will be reviewed for plain error, as set forth above in Proposition II.

¶21 Hearsay is not admissible except as provided by law. See 12 O.S.2011, § 280212 O.S.2011, § 2803Kennedy v. State, 1992 OK CR 67839 P.2d 667Thompson v. State, 2019 OK CR 3438 P.3d 37312 O.S.2011, § 2403Harmon v. State, 2011 OK CR 6248 P.3d 918Mitchell v. State, 2010 OK CR 14235 P.3d 640

¶22 Not all statements made during a SANE examination fall under the narrow exception permitted in Section 2803(4). Statements regarding where the alleged incident occurred or that identify the alleged offender may not fall within the exception. However, statements made regarding where force may have been used or where sexual contact was made could be admissible for purposes of receiving appropriate medical treatment. Appellant argues that the SANE examiner's testimony falls outside this exception. We disagree.

¶23 Here, it was reasonable for the SANE examiner to rely on M.P.'s response to the question regarding whether she struggled or fought back. M.P.'s response was relevant for medical diagnosis or treatment of any potential injuries resulting from a struggle or fight. The witness testified at trial that the question helped guide where she would look for injuries and where to ask if M.P. had pain. In this case, the SANE examiner's testimony regarding the victim's response to whether there was a struggle or fight was reasonably pertinent to diagnosis or treatment, and was therefore admissible.

¶24 Based on this record, we find that M.P.'s specific statements about the force used during the assault were admissible under the medical diagnosis hearsay exception. The probative value of the SANE nurse's testimony was not substantially outweighed by the danger of unfair prejudice and was not unduly cumulative. Accordingly, M.P.'s hearsay statements to the SANE nurse regarding whether force was used during the assault were admissible under the medical treatment hearsay exception. 12 O.S.2011, § 2803

V.

¶25 In Proposition V, Appellant claims that cumulative error deprived him of a fair trial. "The cumulative error doctrine applies when several errors occurred at the trial court level, but none alone warrants reversal." Tafolia v. State, 2019 OK CR 15446 P.3d 1248Id.

¶26 There are no errors to accumulate. Proposition V is denied.

DECISION

¶27 The Judgment and Sentence of the district court is AFFIRMED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2022), the MANDATE is ORDERED issued upon delivery and filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF TULSA COUNTY
THE HONORABLE SHARON HOLMES, DISTRICT JUDGE

 

 
 
 
 APPEARANCES AT TRIAL

 DUSTIN PHILLIPS
 ATTORNEY AT LAW
 P.O. BOX 721921
 OKLAHOMA CITY, OK 73172
 COUNSEL FOR DEFENDANT
 
 
 APPEARANCES ON APPEAL

 JOHN M. DUNN
 THE LAW OFFICE OF JOHN
 M. DUNN, PLLC
 616 SOUTH MAIN, SUITE 206
 TULSA, OK 74119
 COUNSEL FOR APPELLANT
 
 
 
 
 ALISON NUTT
 ASSISTANT DISTRICT
 ATTORNEY
 500 SOUTH DENVER
 TULSA, OK 74103
 COUNSEL FOR STATE
 
 
 JOHN M. O'CONNOR
 ATTORNEY GENERAL
 OF OKLAHOMA
 ASHLEY L. WILLIS
 ASSISTANT ATTORNEY
 GENERAL
 313 N.E. 21ST
 OKLAHOMA CITY, OK 73105
 COUNSEL FOR APPELLEE
 
 
 

 

OPINION BY: MUSSEMAN, J.
ROWLAND, P.J.: Specially Concur
HUDSON, V.P.J.: Specially Concur
LUMPKIN, J.: Concur
LEWIS, J.: Concur

 

 

HUDSON, VICE PRESIDING JUDGE, SPECIALLY CONCUR:

¶1 I concur in today's Opinion but write specially to expand on the disposition of Propositions I and IV. The majority correctly finds in Proposition I that evidence of A.L.'s similar sexual encounter with Vance was admissible pursuant to 12 O.S.2011, § 240412 O.S.2011, § 2413Id., § 2413(C). See also Horn v. State, 2009 OK CR 7204 P.3d 777

¶2 The majority also correctly finds in Proposition IV that no plain error resulted from the admission of the challenged hearsay testimony from the SANE nurse. Pullen v. State, 2016 OK CR 18387 P.3d 922Thompson v. State, 2019 OK CR 3438 P.3d 37312 O.S.2011, § 2403See 12 O.S.2011, § 2803

¶3 I am authorized to state that Presiding Judge Rowland joins in this special writing.